## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| MERRY REED, et al. | | : | |
| | *Plaintiffs,* | : | CIVIL ACTION |
| | | : | |
| v. | | : | |
| | | : | No. 19-3110 |
| ARRAIGNMENT COURT MAGISTRATE | | : | |
| JUDGE FRANCIS BERNARD, et al., | | : | |
| | | : | Hon. Harvey Bartle, III |
| | *Defendants* | : | |

### Order

**AND NOW** this _____ day of _____ 2019, upon consideration of the Motion to Dismiss the Complaint by Defendants Arraignment Court Magistrate Judges Francis Bernard, Sheila Bedford, Kevin Devlin, James O'Brien, Jane Rice, and Robert Stack and President Judge Patrick Dugan, and Plaintiffs' response, it is **ORDERED** that the Motion is **GRANTED**.

Plaintiff's Complaint is **DISMISSED** with prejudice as to Defendants Arraignment Court Magistrate Judges Francis Bernard, Sheila Bedford, Kevin Devlin, James O'Brien, Jane Rice, and Robert Stack and President Judge Patrick Dugan.

By the Court:

_____

J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERRY REED, et al. | : | |
| *Plaintiffs,* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 19-3110 |
| ARRAIGNMENT COURT MAGISTRATE | : | |
| JUDGE FRANCIS BERNARD, et al., | : | |
| | : | Hon. Harvey Bartle, III |
| *Defendants* | : | |

### Motion to Dismiss the Complaint on behalf of
### Defendants Arraignment Court Magistrate Judges
### Francis Bernard, Sheila Bedford, Kevin Devlin, James O'Brien,
### Jane Rice, and Robert Stack and President Judge Patrick Dugan

Defendants Arraignment Court Magistrate Judges Francis Bernard, Sheila

Bedford, Kevin Devlin, James O'Brien, Jane Rice, and Robert Stack and President

Judge Patrick Dugan move to dismiss the Complaint pursuant to Fed. R. Civ. P.

12(b)(6) for the following reason, which is set forth in the accompanying Brief:

The Complaint does not state a First Amendment claim.

**WHEREFORE**, Moving Defendants respectfully request that this Honorable Court dismiss the claims against them with prejudice.

Respectfully Submitted,

**s/Michael Daley**
MICHAEL DALEY, ESQUIRE
Attorney I.D. PA77212
MEGAN L. DAVIS, ESQUIRE
Attorney I.D. No. PA 321341
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Counsel for Defendants Arraignment Court Magistrate Judges Francis Bernard, Sheila Bedford, Kevin Devlin, James O'Brien, Jane Rice, and Robert Stack and President Judge Patrick Dugan*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERRY REED, et al. | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 19-3110 |
| ARRAIGNMENT COURT MAGISTRATE | : | |
| JUDGE FRANCIS BERNARD, et al., | : | |
| | : | Hon. Harvey Bartle, III |
| Defendants | : | |

**Brief in Support of Defendants Arraignment Court Magistrate
Judges Francis Bernard, Sheila Bedford, Kevin Devlin,
James O'Brien, Jane Rice, and Robert Stack and
President Judge Patrick Dugan's Motion to Dismiss the Complaint**

## I.    Statement of the Case

Before discussing what this case is about, it is important to note what it is not about. It is not about the public's access to court, or the press' access. To the contrary, arraignments in Philadelphia's Municipal Court are open to the public and the press. It is not about the press' ability to report on arraignments. Indeed, as Plaintiff the Bail Fund points out, it collects and disseminates information about arraignments from information gathered from its courtroom volunteers. And Plaintiff Mary Reed is a journalist who reports on bail and arraignments on a news website.

Instead, this case is about Plaintiffs wanting this Court to create a First Amendment right that courts have steadfastly held does not exist. To Plaintiffs, it isn't enough that the public can witness arraignments. It isn't enough that the press can observe, take notes, and report on arraignments. Instead, they believe that the

First Amendment requires Municipal Court to allow them to make audio recordings of bail hearings.

Unfortunately for Plaintiffs, settled, long-standing case law holds that the First Amendment does not require a court to allow the public or press to make audio recordings of court proceedings. Furthermore, courts have routinely upheld provisions banning such recordings – including the ban on recording proceedings in the federal courts.[1]

**Pennsylvania's rules on recording court proceedings.**

Pennsylvania's Rules of Criminal Procedure prohibit audio or video recordings of any judicial proceeding by anyone other than an official court stenographer. Pa.R.Crim.P. 112(C). Pennsylvania's Rules of Judicial Administration provide that judges should prohibit recording and photography (among other things) in a courtroom and areas immediately surrounding a courtroom. Pa.R.J.A. 1910.

Consistent with these rules, Municipal Court has promulgated a local rule stating that arraignment court magistrates shall prohibit recordings. *See* Phila. M.C.R.Crim.P. 7.09.[2]

---

[1] *See* Fed.R.Crim.P. 53 ("Except as otherwise provided by a statute or these rules, the court must not permit the taking of photographs in the courtroom during judicial proceedings or the broadcasting of judicial proceedings from the courtroom.")

[2] Municipal Court Criminal Rules are available at https://www.courts.phila.gov/pdf/rules/MC-Criminal-Division-Compiled-Rules.pdf (retrieved on September 4, 2019).

Thus, due to binding Pennsylvania law, Defendants cannot allow the public or press to make audio recordings of arraignments.

**Municipal Court arraignments.**

There are six Arraignment Court Magistrates that preside over arraignments in Municipal Court in the Criminal Justice Center. (Complaint ¶¶ 10, 15.)[3] During bail hearings, the defendants appear by an audio-visual connection. (Complaint ¶ 15.) Both the defendant and prosecution have an opportunity to argue what type of bail should be set – released on own recognizance or monetary conditions, for example – which is based on numerous factors, including the defendant's criminal history, the charges, ties to the community, mental condition, drug issues, a history of flight or escape, and related matters that bear on whether a defendant will appear for court. *See* Pa.R.Crim.P. 523(A).[4]

Consistent with Pennsylvania rules, there are no publically available transcripts of the arraignments. The state Rules of Criminal Procedure require that open court proceedings be recorded only after a defendant has been held for court. Pa.R.Crim.P. 115(a); Pa.R.Crim.P. 1012 (providing that Rule 115 relating to

---

[3] One function of an arraignment is setting bail. *See* Pa.R.Crim.P. 1003(D). This Brief will use "arraignment" and "bail hearing" interchangeably.

[4] Prior to a bail hearing, the magistrate receives a Pretrial Services Report that contains further information about the defendant. (Complaint ¶ 17.) Under Pennsylvania rules, this Report is released only to the parties and the magistrate. Pa.R.Crim.P. 530(C).

recording and transcribing are applicable to proceedings in Municipal Court after preliminary arraignment).

The public may not bring cellphones into the Criminal Justice Center unless they are contained in secure pouches. (Complaint ¶ 29.) In addition to arraignments, other criminal proceedings – including trials – are held in the Criminal Justice Center.

### Plaintiffs' ability to report on arraignments.

Plaintiffs are able to attend bail hearings. Plaintiff Bail Watch sends volunteers into bail hearings to observe and gather information, which it uses to produce public reports to educate both the public and government officials. (Complaint ¶¶ 9, 46.)[5] It uses social media posts and meets with stakeholders in the arraignment system, using the information it collects through its access to court. (Complaint ¶¶ 9, 46.) Further, Plaintiff Merry Reed has attended various bail hearings at the Criminal Justice Center to compile information for the publication, *The Declaration.* (Complaint ¶¶ 42-43.)[6]

---

[5] For example, the Bail Fund participated in producing a 41 page report on arraignments in October 2018. *See* https://static1.squarespace.com/static/591a4fd51b10e32fb50fbc73/t/5bc60034a4222f 8cd2231c54/1539702839376/Philly+Bail+Report_Finalv2.pdf (retrieved on September 3, 2019). It also issued a press release on cash bail in May 2019. *See* https://www.phillybailfund.org/da-report (retrieved on September 3, 2019).

[6] The Complaint's factual allegations are taken as true at this procedural stage.

Plaintiffs wish to use the audio recordings to supplement their reporting and share them with the public – including embedding audio in their online reports and Plaintiff Reed's website. (Complaint ¶¶ 43, 50.)

**Claims and requested relief.**

Plaintiffs claim that Pa.R.Crim.P. 112(C), Pa.R.J.A. 1910, and Local Rule 7.09 are unconstitutional as applied to Plaintiffs because they prohibit them from recording bail hearings in the Criminal Justice Center, in violation of the First Amendment. (Complaint, Prayer for Relief.)[7] Thus, that want a declaration that the cited rules are unconstitutional as applied to them. (Complaint, Prayer for Relief.) All Defendants are sued in their respective official capacities only.

## II.   Statement of Question

Does the Complaint fail to state a First Amendment claim because the public and press have access to arraignments, and there is no First Amendment right to record court proceedings?

Answer: Yes.

## III.   Argument

There is no First Amendment right to have electronic media in a courtroom to record proceedings. This has been settled law for decades. Instead of a constitutional issue, courts have recognized that this is a policy issue that is a choice for each judicial system.

---

[7] Presumably, Plaintiffs are bringing their claim through 42 U.S.C. § 1983.

There is a First Amendment right for the public to access criminal trials and related proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980). This right to access is "constitutionally satisfied when some members of both the public and the media are able to 'attend the trial and report what they have observed.'" *United States v. Moussaoui*, 205 F.R.D. 183, 185 (E.D. Va. 2002)(quoting *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 610 (1978)). Although the media has a role in disseminating information to the public, the media's right to access is no greater than the public's right. *PG Pub. Co. v. Aichele*, 705 F.3d 91, 99 (3d Cir. 2013)(citing *Branzburg v. Hayes,* 408 U.S. 665, 684 (1972)), *cert. denied,* 569 U.S. 1018 (2013).

Municipal Court allows the public and press to attend arraignments and report on them as they see fit. Hence, the right to access is not at issue here.

What is at issue is Plaintiffs' request to have this Court extend the First Amendment beyond what other courts have uniformly held is not a right: to make audio recordings of judicial proceedings.[8] While the media has a right to attend and report, courts have consistently held that the press (and public) has no right to record or broadcast court proceedings. The Third Circuit long ago recognized that courts may craft rules that limit the press' access to information without violating the First Amendment. *See Tribune Review Pub. Co. v. Thomas*, 254 F.2d 883, 885

---

[8] Plaintiffs assert that they are bringing an "as-applied" challenge to the rules. Thus, they must show that the rules as applied to them in a particular circumstances violated their constitutional rights. *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010).

(3d Cir. 1958)(holding that a Pennsylvania court rule prohibiting the taking of photographs in and about the courthouse to be a valid exercise of judicial authority).

This court has also held that the First Amendment "does not guarantee the right to record or broadcast live testimony or other trial proceedings" and is "not violated by absolute bans on video cameras or still-picture cameras in courtrooms." *Whiteland Woods v. Township of West Whiteland*, 1997 WL 653906, at *5 (E.D. Pa.1997)(collecting cases)(addressing the right to videotape township meetings), *aff'd*, 193 F.3d 177 (3d Cir. 1999).

The Supreme Court has not directly ruled on this issue. It has, however, indicated that the First Amendment does not guarantee a right to televise or broadcast criminal trials. In *Estes v. Texas,* Justice Harlan, who cast the deciding vote, stated in his concurrence that "[n]o constitutional provision guarantees a right to televise trials." 381 U.S. 532, 588 (1965). Justice Harlan recognized that although credible policy arguments for televising trials could be made, such arguments were not of constitutional proportions:

> Once beyond the confines of the courthouse, a news-gathering agency may publicize, within wide limits, what its representatives have heard and seen in the courtroom. But the line is drawn at the courthouse door; and within, a reporter's constitutional rights are no greater than those of any other member of the public.

381 U.S. at 589. Justice Harlan's reasoning was later seconded by a Supreme Court majority. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 610-11

7

(1978)("In the first place, ... there is no constitutional right to have [live witness] testimony recorded and broadcast.").[9]

In *Chandler*, the Supreme Court supported the Florida Supreme Court's view in quoting the state court's holding that while the due process clause "does not prohibit electronic media coverage of judicial proceedings *per se*, by the same token, we reject the argument . . . that the first and sixth amendments to the United States Constitution mandate entry of the electronic media into judicial proceedings." *Chandler v. Florida*, 449 U.S. 560, 569 (1981)(quoting *Petition of Post-Newsweek Stations, Florida, Inc.*, 370 So.2d 764, 774 (Fla. 1979)).

In addition to the Third Circuit, other circuit courts have held that there is no First Amendment right to record or broadcast a proceeding. An often-cited case is the Eleventh Circuit's decision on whether news organizations have a First Amendment right to record and broadcast federal criminal trials in *United States v. Hastings*, 695 F.2d 1278 (11th Cir. 1983), *cert. denied*, 461 U.S. 931 (1983). The challenge there was to Federal Rule of Criminal Procedure 53, which – like Pennsylvania's rules – prohibits taking photographs and broadcasting courtroom proceedings. The court relied on Supreme Court case law in holding that there is no First Amendment right to record court proceedings. *Id.* at 1280-81 (analyzing

---

[9] Courts have examined the extent and weight of Justice Harlan's concurrence as it relates to what the Court's majority held. *See Chandler v. Florida*, 449 U.S. 560, 574 (1981)(examining Justice Harlan's concurrence and holding that there was no inherent due process denial in allowing criminal proceedings to be televised and that states could decide for themselves whether to allow broadcasting).

8

Supreme Court case law). Instead, the court concluded that Rule 53 was a valid "time, place, and manner" restriction. *Id.* at 1283-84.

Other circuits are consistent in holding that there is no First Amendment right to record court proceedings. *See Conway v. United States*, 852 F.2d 187, 188 (6th Cir. 1988)(holding that Rule 53 does not violate the First Amendment), *cert. denied*, 488 U.S. 943 (1988); *Radio & Television News Ass'n of S. California v. U.S. Dist. Ct. for Cent. Dist. of California*, 781 F.2d 1443, 1447 (9th Cir. 1986)(holding that the media's right to gather information is no more than a right to attend a criminal trial and report on their observations); *United States v. Edwards*, 785 F.2d 1293, 1296 (5th Cir. 1986)(upholding Rule 53 and stating that there is no "abridgement of the freedom of press" as long as the press can send representatives to trials and report on them); *United States v. Kerley*, 753 F.2d 617, 622 (7th Cir. 1985)(upholding Rule 53); *United States v. Yonkers Bd. of Educ.*, 747 F.2d 111, 113-14 (2d Cir. 1984)(holding that a local rule and associated court order prohibiting plaintiff from using a tape recorder in the courtroom were constitutionally permissible, stating that the First Amendment right of access is "limited to physical presence at trials"); *Combined Communications Corp. v. Finesilver*, 672 F.2d 818, 821 (10th Cir. 1982)(upholding local rule banning recording devices); *see also Rice v. Kempker*, 374 F.3d 675, 679 (8th Cir. 2004)(stating that "courts have universally found that restrictions on videotaping and cameras do not implicate the First Amendment guarantee of public access.").

District courts have been as equally harmonious in holding that there is no First Amendment right to record court proceedings, including *Shavlik v. Snohomish Co. Superior Court,* 2019 WL 2616631, at *7 (W.D. Wash. 2019)(collecting cases and holding that the media's First Amendment right is limited to attending proceedings and reporting their observations); *United States v. Nabaya,* 2017 WL 1424802, at *2 (E.D. Va. 2017)(upholding challenge to a local court rule that prohibited recording devices at arraignment and pretrial hearings); *McKay v. Federspeil,* 22 F.Supp.3d 731, 736 (E.D. Mich. 2014)(upholding a state court electronics ban for a government center that the plaintiff claimed violated his constitutional rights to record proceedings and matters of public concern); *Moussaoui,* 205 F.R.D. at 185 (noting that the Fifth, Sixth, Seventh and Eleventh Circuits have held that the First Amendment "does not include a right to televise, record or otherwise broadcast federal criminal trial proceeding"); and *United States v. Hernandez,* 2000 WL 36741162, at *2 (S.D. Fla. 2000)(holding that the First Amendment right is a "right to attend, rather than a license allowing cameras or tape-recorders into the courthouse[.]").

At bottom, courts are lockstep in holding that there is no First Amendment right to record court proceedings.

**The recording ban does not limit Plaintiffs' right of access.**

Courts generally hold that bans on electronic devices in the courtroom constitute "time, place, and manner" restrictions. *Whiteland Woods, L.P. v. Township of W. Whiteland,* 193 F.3d 177, 182 (3d Cir. 1999). The Third Circuit

10

holds that the "critical question regarding a content-neutral restriction on the time, place, or manner of access to a government proceeding is whether the restriction meaningfully interferes with the public's ability to inform itself of the proceeding: that is, whether it limits the underlying right of access rather than regulating the manner in which that access occurs." *Id.* at 183.[10]

Here, Plaintiffs' right of access is not meaningfully interfered with. First, they are able to attend proceedings, take notes, and report on them. Indeed, Plaintiffs highlight that they provide reports, engage in conversations with government officials, publicize their observations and findings on social media, and post reports on the internet. (Complaint ¶¶ 9, 46.)

Second, there are alternative means to obtain information about bail arraignments in addition to attending hearings. One is to access bail documents that are filed with the court. In addition, Plaintiffs and the public may make data report requests to the Administrative Office of Pennsylvania Courts, through which they can obtain a compilation of data about every arraignment in Municipal Court for a selected time period.[11]

---

[10] The Rules at issue here are content-neutral.

[11] The Unified Judicial System's Electronic Public Access Policy is located at http://www.pacourts.us/assets/files/page-1090/file-837.pdf (retrieved on September 4, 2019). As an example of data available, the undersigned has recently been involved with a data request that contains over 45 data fields for Municipal Court arraignments for an eight month period. Thus, there are other "comprehensive data analyses" that Plaintiffs can obtain. (Complaint ¶ 50.)

The Complaint contends that access to audio records would allow Plaintiffs to "create a more complete" record for their reporting, and they could insert audio clips into their web-based reporting. (Complaint ¶ 43.) Plaintiffs claim that the recording ban "deprives the broader public" of a "vital source of information" so that the public must instead rely on the media to report what goes on. (Complaint ¶ 41.)

These policy arguments are just that: policy arguments. They do not create a First Amendment right to record proceedings. Pennsylvania has made a policy decision to not allow courtroom proceedings to be recorded. Plaintiffs' arguments are better directed to the state rules committee, which has the authority to make recommended changes to the procedural rules to the Supreme Court of Pennsylvania.

The Complaint's claim that recording must be allowed because not everyone can attend proceedings does not make recording constitutionally mandated. Indeed, the *Moussaoui* court noted that "the inability of every interested person to attend the trial in person or observe it through the surrogate of the media does not raise a question of constitutional proportion," but rather raises a "question of social and political policy best left to the United States Congress and the Judicial Conference of the United States." *Moussaoui*, 205 F.R.D. at 186.

To the extent that Plaintiffs contend that audio records are mandated to provide a further check on the judicial process, Justice Harlan noted that "it is impossible to believe that the reliability of a trial as a method of finding facts and determining guilt or innocence increases in relation to the size of the crowd

watching it." *Estes,* 381 U.S. at 595 (Harlan, J., concurring). Instead, the "presence of interested spectators, attorneys, jurors and a judge" satisfies the safeguards of a public trial and the integrity of those proceedings. *Moussaoui,* 205 F.R.D. at 186.

All in all, that Plaintiffs cannot use audio clips to insert into their reports or an online article does not meaningfully restrict their access to court. Plaintiff have been able to report extensively about arraignments, and there are additional resources available to buttress their reporting.

**Potential prejudice to the system and defendants.**

Bail hearings often contain prejudicial evidence that would be inadmissible during a trial and, therefore, courts "should show heightened concern about the threat that the public dissemination of such inadmissible evidence would have on the accused right to a fair trial." *In re Globe Newspaper Co.,* 729 F.2d 47, 59 (1st Cir. 1984). Indeed, the First Circuit notes that a defendant's "privacy and fair trial interests" are at their "zenith during the bail hearings, since they have not yet had an opportunity to test the material admitted at the hearings." *Id.*

The Supreme Court has recognized that "adverse publicity can endanger" a defendant's ability to receive a fair trial. *Gannett Co., Inc. v. DePasquale,* 443 U.S. 368, 378 (1979). For that reason, courts have an "affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." *Id.*[12]

---

[12] The *Gannett* case involved a criminal case where the trial court prohibited the public and press from attending a suppression hearing, which the Supreme Court held was permissible due to the particular circumstances in that case. *Gannett Co., Inc.,* 443 U.S. at 394.

In the instant case, there are many factors that go into a bail decision that could have prejudicial effects on a defendant's right to obtain a fair trial. These include the defendant's criminal history, drug abuse issues, mental condition, and a history of flight or escape. *See* Pa.R.Crim.P. 523(A).

To allow audio recordings, which would include a defendant's own words, about these matters would endanger a defendant's right to a fair trial. A person could post audio of a defendant admitting to prior criminal acts, drug abuse, escape, and other matters that would not be admissible at trial, thereby prejudicing their right to a fair trial. Indeed, a defendant may inadvertently discuss the crimes that they are charged with. In addition, the court may order a defendant to stay away from a victim or witnesses, information that could potentially endanger those persons. While the media can report all this information now by observing the proceedings, limiting it to reporting as opposed to allowing rebroadcasting audio recordings is a safeguard that mitigates against potential prejudice.

What is more, although Plaintiffs point out that recordings can be made with silent handheld devices, whether recordings are physically less intrusive does not alter these potential prejudices. Moreover, a defendant or their counsel may be unwilling to discuss mental health, drug-related issues, and other relevant bail factors if they know that the media may rebroadcast their statements, which could impact the bail decision.

Simply put, whether the recordings can be made is "less disruptive" ways is irrelevant: there is no First Amendment right to record to begin with. *See McKay*, 22 F.Supp.3d at 736.

Plaintiffs may argue that these concerns are overblown and that their interest in going beyond access to make recordings so that they can replay hearings and post audio clips outweighs any potential prejudice. Setting aside that balancing test, that is not the issue here. Courts have not extended the First Amendment to require that the public or media be allowed to make audio recordings. The question, instead, is left to each court and judicial system as a policy matter – as the Supreme Court in *Chandler* recognized.

In sum, there is no Frist Amendment right to record courtroom proceedings

## IV.    Conclusion

Moving Defendants respectfully request that this Honorable Court grant their Motion and dismiss the claims against them with prejudice. Given the legal defenses, it would be futile to allow Plaintiffs leave to amend the Complaint. *See Miklavic v. USAir, Inc.*, 21 F.3d 551, 557-58 (3d Cir. 1994); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Respectfully Submitted,

**s/Michael Daley**
MICHAEL DALEY, ESQUIRE
Attorney I.D. No. PA77212
MEGAN L. DAVIS, ESQUIRE
Attorney I.D. No. PA 321341
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Counsel for Defendants Arraignment Court Magistrate Judges Francis Bernard, Sheila Bedford, Kevin Devlin, James O'Brien, Jane Rice, and Robert Stack and President Judge Patrick Dugan*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERRY REED, et al. | : | |
| *Plaintiffs,* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 19-3110 |
| ARRAIGNMENT COURT MAGISTRATE | : | |
| JUDGE FRANCIS BERNARD, et al., | : | |
| | : | |
| *Defendants* | : | |

## Certificate of Service

The undersigned certifies that on September 4, 2019, he caused the foregoing

*Motion to Dismiss* and *Brief in Support* via CM/ECF to all counsel of record

/S/ **Michael Daley**
MICHAEL DALEY, ESQUIRE
Attorney I.D. No. PA 77212
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Counsel for Defendants Arraignment*
*Court Magistrate Judges Francis*
*Bernard, Sheila Bedford, Kevin Devlin,*
*James O'Brien, Jane Rice, and Robert*
*Stack and President Judge Patrick*
*Dugan*