IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRY REED and : <br> THE PHILADELPHIA BAIL FUND, : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> ARRAIGNMENT COURT MAGISTRATE : <br> JUDGES FRANCIS BERNARD, : <br> SHEILA BEDFORD, KEVIN DEVLIN, : <br> JAMES O'BRIEN, JANE RICE, and : <br> ROBERT STACK, in their official capacities; : <br> PRESIDENT JUDGE PATRICK DUGAN, : <br> in his Official capacity; and SHERIFF : <br> JEWELL WILLIAMS, in his official capacity, : <br> : <br> **Defendants.** : | **Civil Action** <br> **No. 19-3110** |

# ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of

Defendant Jewell Williams's Motion to Dismiss, and any response thereto, it is hereby

**ORDERED** that Defendant's Motion is **GRANTED**.

BY THE COURT:

_____
The Honorable Harvey Bartle, III

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MERRY REED and** | : | |
| **THE PHILADELPHIA BAIL FUND,** | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 19-3110** |
| | : | |
| **ARRAIGNMENT COURT MAGISTRATE** | : | |
| **JUDGES FRANCIS BERNARD,** | : | |
| **SHEILA BEDFORD, KEVIN DEVLIN,** | : | |
| **JAMES O'BRIEN, JANE RICE, and** | : | |
| **ROBERT STACK, in their official capacities;** | : | |
| **PRESIDENT JUDGE PATRICK DUGAN,** | : | |
| **in his Official capacity; and SHERIFF** | : | |
| **JEWELL WILLIAMS, in his official capacity,** | : | |
| **Defendants.** | : | |

## DEFENDANT JEWELL WILLIAMS'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant, Sheriff Jewell Williams, by and through his undersigned counsel, hereby files this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests that this Court dismiss the claims asserted against him.

Date: September 18, 2019

Respectfully submitted,

/s/ Sean McGrath
Sean J. McGrath, Assistant City Solicitor
Amy M. Kirby, Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5444 (phone)
sean.mcgrath@phila.gov
amy.kirby@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MERRY REED and** : <br> **THE PHILADELPHIA BAIL FUND,** : <br>        **Plaintiffs,** : <br>            : <br>      **v.**         : <br>            : <br> **ARRAIGNMENT COURT MAGISTRATE** : <br> **JUDGES FRANCIS BERNARD,** : <br> **SHEILA BEDFORD, KEVIN DEVLIN,** : <br> **JAMES O'BRIEN, JANE RICE, and** : <br> **ROBERT STACK, in their official capacities;** : <br> **PRESIDENT JUDGE PATRICK DUGAN,** : <br> **in his Official capacity; and SHERIFF** : <br> **JEWELL WILLIAMS, in his official capacity,** : <br>        **Defendants.** : | **Civil Action <br> No. 19-3110** |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT JEWELL WILLIAMS'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM</u>**

   Defendant, Sheriff Jewell Williams, in his official capacity ("Defendant Williams"), by and through his undersigned counsel, hereby files this Memorandum of Law in Support of his Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6).

**I.  INTRODUCTION**

   Plaintiffs bring the instant action, presumably pursuant to 42 U.S.C. § 1983, alleging that state and local court rules that prohibit audio recording of bail hearings violate their constitutional rights under the First Amendment.[1]  The Complaint, however, suffers from two fatal flaws in relation to Defendant Williams.  First, a § 1983 claim cannot be brought against

---

[1] Plaintiffs fail to cite §1983 in their Complaint, but because the case relates to an alleged violation of a constitutional right by a government policy, it is properly brought solely under §1983.

Defendant Williams for enforcing state, rather than local, policy. Second, Plaintiffs' claim is based on a First Amendment right that courts have consistently held does not exist. Defendant Williams respectfully submits that Plaintiffs have the full right of access under the First Amendment to attend Municipal Court arraignments and report on what they observe. The Complaint should therefore be dismissed as to Defendant Williams.

## II.     FACTS AND PROCEDURAL HISTORY

This action concerns state and local rules that address the manner in which members of the press and public can attend bail hearings. *See* Pls.' Compl. ¶¶ 24-27, ECF No. 1. Six magistrate judges, appointed by President Judge Patrick Dugan, preside over the hearings, which are held in Philadelphia's Criminal Justice Center ("CJC"). Pls.' Compl. ¶ 10. At the bail hearings, the magistrate judges hear argument from the prosecution and defense, review a report on the defendant's background, and recommend conditions for release. Pls.' Compl. ¶¶ 15-18. A court reporter is not present and no transcript or other recording is made of the proceeding. Pls.' Compl. ¶¶ 22-23. The hearings are generally open to the public and typically last less than four minutes. Pls.' Compl. ¶¶ 16, 21.

State law and judicial rules prohibit the public from recording courtroom proceedings. Pennsylvania Rule of Criminal Procedure 112(C) provides, in relevant part:

> (C)  Except as provided in paragraph (D), the stenographic, mechanical, electronic recording, or the recording using any advanced communication technology, of any judicial proceedings by anyone other than the official court stenographer in a court case, for any purpose, is prohibited.
>
> (D)  In a judicial proceeding before an issuing authority, the issuing authority, the attorney for the Commonwealth, the affiant, or the defendant may cause a recording to be made of the judicial proceeding as an aid to the preparation of the written record for subsequent use in a case, but such recordings shall not be publicly played or disseminated in any manner unless in a court during a trial or hearing.

Pls.' Compl. ¶ 25.  Similarly, Pennsylvania Rule of Judicial Administration 1910 provides that "judges should prohibit broadcasting, televising, recording or taking photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between sessions."  Pls.' Compl. ¶ 26.

Specific to bail hearings, Local Arraignment Court Magistrate Rule 7.09 prohibits the public from "broadcasting, televising, recording, or taking photographs in the Courtroom or the areas immediately adjacent thereto during sessions or recesses between sessions."  Pls.' Compl. ¶ 27.  Magistrates inform the public of this rule via signs posted in the hearing courtroom and execute it through the Magistrate's "authority to direct Sheriff's deputies . . . to enforce the prohibition on recording by seizing recording devices and/or removing a person making a recording from the courtroom."  Pls.' Compl. ¶¶ 10, 31.  Further, magistrates have the authority to hold anyone violating the rule in contempt.  Pls.' Compl. ¶ 10.  Defendant Williams is the Sheriff of Philadelphia County and is both responsible for leading the Philadelphia Sheriff's Office and for security at the CJC.  Pls.' Compl. ¶ 12.  As part of Defendant Williams's responsibility for security at the CJC, deputies are tasked with "enforcing court rules, including the prohibition on audio recording."  Pls.' Compl. ¶ 12.

Plaintiff Merry Reed is a journalist currently investigating and reporting on Philadelphia's bail system.  Pls.' Compl. ¶ 8.  Plaintiff Philadelphia Bail Fund (the "Bail Fund") is a non-profit organization seeking to reform the bail system in the city through a program called Philadelphia Bail Watch, where volunteers attend bail hearings and report on what they observe.  Pls.' Compl. ¶ 9.  The Bail Fund then uses this information to produce public reports and social media messaging to educate the public and government officials about bail practices in Philadelphia.  Pls.' Compl. ¶ 9.  Plaintiffs allege that that the state and local rules prohibiting recording "severely hinder Plaintiffs' ability to document, report, and comment on Philadelphia's bail process."  Pls.' Compl. ¶ 40.  Specifically,

Ms. Reed alleges that the ability to record would allow her to create a "more complete investigatory record," better utilize quotations, and to embed audio clips into her stories. Pls.' Compl. ¶ 43. The Bail Fund alleges that the rules hinder its efforts to document the bail hearings because its non-lawyer volunteers must take handwritten notes in real time regarding a "vast amount" of technical information during the "compressed bail hearings." Pls.' Compl. ¶ 51. Further, the Bail Fund alleges that, the rules prevent it from capturing "important elements of the bail process that written summaries cannot," including the tone and tenor of the magistrates and counsel. Pls.' Compl. ¶ 49.

Plaintiffs have made various requests for permission to record the hearings, all of which have been effectively denied by President Judge Dugan. Pls.' Compl. ¶¶ 38-39. Plaintiffs now file the instant action challenging the constitutionality of Pennsylvania Rule of Criminal Procedure 112(C), Pennsylvania Rule of Judicial Administration 1910, and Local Arraignment Court Magistrate Rule 7.09. Pls.' Compl. ¶¶ 54-56.

## III. ARGUMENT

The Court should grant the instant motion and dismiss Plaintiffs' Complaint because by law, Plaintiffs have no cause of action against Defendant Williams and because Plaintiffs' allegations fail to support a constitutional violation.

### A. The Rule 12(b)(6) Standard

The applicable standard for a Rule 12(b)(6) motion is well-settled. Under this Rule, the Court must dismiss an action on motion made before a responsive pleading is filed, when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqball*, 556 U.S. 662, 678-79 (2009) (stating that a Complaint must contain something more than "naked

assertion[s]" devoid of "further factual enhancement."). "[T]he basic principle that a court must accept all allegations as true is inapplicable to either legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

    **B.    Plaintiffs Have Failed to State a Claim Against Defendant Williams Because Enforcement of the Policy is an Action Which Constitutes State and Not City Policy.**

Plaintiffs have failed to state a claim under 42 U.S.C. § 1983 against Defendant Williams because the Complaint alleges Defendant Williams is enforcing a state policy for which the City of Philadelphia (the "City") cannot be held responsible under § 1983.[2]

A municipality can only be held liable under § 1983 when an "alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York, Pa.*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). The Third Circuit has recognized that certain officials operate in a "hybrid nature" where a court must distinguish between their role in enforcing state law and their role as a county policymaker. *See Carter v. City of Phila.*, 181 F.3d 339, 352 (3d Cir. 1999) (collecting circuit cases establishing that local officials become agents of the state when enforcing state law or policy). "[W]hen a local government official acts as a *state* policymaker, the local government cannot be responsible for the actions which constitute *state*, and not *local*, government policy." *N.N. v. Tunkhannock Area Sch. Dist.*, 801 F. Supp. 2d 312, 317 (M.D. Pa. 2011) (emphasis original)

---

[2] A suit brought against a public official in their official capacity is equivalent to a suit brought against the public entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, the allegations brought against Defendant Williams operate functionally as if they were brought against the City.

(citing *McMillian v. Monroe County*, 520 U.S. 781, 783 (1997)); *see also Scott v. O'Grady*, 975 F.2d 366, 370 (7th Cir.1992) (holding that a sheriff is local official when serving as the chief law enforcement officer of county, but arm of state when enforcing a state court order). In determining whether such an official acts for the state or the county, courts look to whether the official was acting as a county policymaker on the particular issue and how the official's functions are defined by state law. *Id.* (citing *McMillian*, 520 U.S. 786; *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

Here, Defendant Williams involvement is of a "hybrid nature." He "leads the Philadelphia Sheriff's Office," but is also "responsible for security at the CJC and for enforcing court rules." Pls.' Compl. ¶ 12. This enforcement comes at the direction of the Arraignment Court Magistrates: "The magistrates have authority to direct Sheriff's deputies . . . to enforce the prohibition on recording by seizing recording devices and/or removing a person making a recording from the courtroom." Pls.' Compl. ¶ 10.

The policies that Defendant Williams enforces consist of "[t]hree separate *court rules* [that] generally prohibit the public from making audio recordings of bail proceedings: Pennsylvania Rule of Criminal Procedure 112(C), Pennsylvania Rule of Judicial Administration 1910, and Local Arraignment Court Magistrate Rule 7.09." Pls.' Compl. ¶ 24 (emphasis added). As a matter of law, Philadelphia Municipal Court is a judicial entity of the Commonwealth, 42 Pa. C.S. § 301, therefore its local rules are policies of the state. As Sheriff, Defendant Williams's powers under state law are to "either personally or by deputy, . . . serve process and execute orders directed to him pursuant to law." 42 Pa. C.S. § 2921. Therefore, when acting pursuant to this power, Defendant Williams's enforcement of the state and local rules is an action which constitutes state policy. Accordingly, the City cannot be held responsible under § 1983.

For the foregoing reasons, Plaintiffs have failed to allege a § 1983 claim against Defendant Williams and the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).[3]

### C. Plaintiffs Have Failed to State a Claim Under § 1983 Because They Have Not Alleged a Constitutional Violation.

Even if Plaintiffs could maintain a § 1983 action against Sheriff Williams, Plaintiffs cannot state a claim under § 1983 for one simple reason: no right exists under the First Amendment for the media, or the public at large, to use electronic recording devices in a courtroom.

The First Amendment grants members of the media the right to access open court proceedings and to "report whatever occurs in open court through their respective media." *Estes v. State of Tex.*, 381 U.S. 532, 541-42 (1965) (plurality opinion); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (plurality opinion) ("We hold that the right to attend criminal trials is implicit in the guarantees of the First Amendment."). However, this right does not bestow unlimited access to the courtroom. *Estes*, 381 U.S. at 539-40. In *Richmond Newspapers*, the Supreme Court explained that:

> Just as a government may impose reasonable time, place, and manner restrictions upon the use of its streets in the interest of such objectives as the free flow of traffic, so may a trial judge, in the interest of the fair administration of justice, impose reasonable limitations on access to a trial. "[T]he question in a particular case is whether that control is exerted so as not to deny or unwarrantedly abridge . . . the opportunities for the communication of thought and the discussion of public questions immemorially associated with resort to public places."

448 U.S. 555, 581 n. 18 (1980) (plurality opinion) (quoting *Cox v. N.H.*, 312 U.S. 569, 574 (1941)) (citations omitted). None of the Supreme Court's decisions, however, "intimate that the

---

[3] The Complaint should be dismissed with prejudice because any amendment here would be futile. It is a state policy that is at issue and the City, therefore, cannot be liable under § 1983.

Supreme Court would find First Amendment rights abridged by the exclusion of television cameras and other *electronic recording devices* from the courtroom." *United States v. Hastings* 695 F2d 1278, 1280 (1983) (emphasis added). Rather, these decisions only establish that "the press has a right of access to observe criminal trials, just as members of the public have the right to attend criminal trials. . . . To conclude from these cases, as appellants do, that the right of access extends to the right to televise, record, and broadcast trials, misconceives the meaning of the right of access at stake in those cases. The right of access therein was the right to attend." *Id.* at 1280.

In the Third Circuit, "[t]he critical question regarding a content-neutral restriction on the time, place, or manner of access to a government proceeding is whether the restriction . . . limits the underlying right of access rather than regulating the manner in which that access occurs." *Whiteland Woods, L.P. v. Twp. Of W. Whiteland*, 193 F.3d 177, 183 (3d Cir. 1999). Further, "[t]he First Amendment does not require states to accommodate every potential method of recording, particularly where the public is granted alternative means of compiling a comprehensive record." *Id.* (citing *Combined Commc'ns Corp. v. Finesilver*, 672 F.2d 818, 821 (10th Cir.1982) (upholding ban on television coverage of court-ordered negotiations over electoral redistricting where members of the press were permitted to attend the meetings and take notes)). Having established the above standard, the Third Circuit found that a township's prohibition of video recording equipment at a planning commission meeting was constitutional because the plaintiff "failed to demonstrate an essential nexus between the right of access and a right to videotape the Planning Commission proceedings." *Id.* at 183-84.

Other Circuits have also determined that judicial rules banning various types of visual or audio recording devices do not infringe the public right to access court proceedings. *See e.g.*

*United States v. Yonkers Bd. of Educ.*, 747 F.2d 111, 113- 14 (2d Cir. 1984) (holding that a local rule and associated court order prohibiting plaintiff from using a tape recorder in the courtroom were constitutionally permissible, stating that the First Amendment right of access is "limited to physical presence at trials"); *United States v. Edwards*, 785 F.2d 1293, 1296 (5th Cir. 1986) (per curiam) ("[T]hat television coverage is not always constitutionally prohibited, however, is a far cry from suggesting that television coverage is ever constitutionally mandated."); *Conway v. United States*, 852 F.2d 187, 188-89 (6th Cir. 1988) (per curiam) (holding a court order prohibiting broadcasting did not violate the First Amendment); *United States v. Kerley*, 753 F.2d 617, 622 (7th Cir. 1985) (holding a rule denying the defendant the ability to videotape his proceedings was constitutional); *Rice v. Kempker*, 374 F.3d 675, 679 (8th Cir. 2004) (stating that "courts have universally found that restrictions on videotaping and cameras do not implicate the First Amendment guarantee of public access"); *Radio & Television News Ass'n of S. Cal. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 781 F.2d 1443, 1447 (9th Cir. 1986) ("[T]he media's 'right to gather information" during a criminal trial is no more than a right to attend the trial and report on their observations."); *Finesilver*, 672 F.2d at 821 (holding local rule banning recording devices did not infringe upon media First Amendment rights); *Hastings*, 695 F.2d at 1284 (affirming a lower court's denial of the use of audiovisual equipment during a trial). In sum, these cases establish that the First Amendment right of access has never been extended to the ability to take an audio or visual recording of a proceeding.

  Here, Plaintiffs allege that state and local rules prohibiting recording devices during bail hearings, and the enforcement of those rules by the Sheriff, violated their First Amendment rights. However, because Plaintiffs make no allegations that their right to access has been limited, they fail to state a First Amendment violation.

Specifically, Plaintiffs allege that the ban has no valid justification because it does not preserve confidentiality, minimize disruption, protect against witness intimidation and that other jurisdictions have made recordings of bail hearings available to the public. However, the lack of justification for such a ban does not trigger the First Amendment. As the Third Circuit has pointed out, the critical question is not whether the manner of access is regulated, but whether access to a government proceeding itself (i.e. the ability to attend and observe) is limited. *See Whiteland Woods*, 193 F.3d at 183. Plaintiffs have not alleged any limit to their right to access a government proceeding. They are able to attend, take notes, and subsequently report on the contents of the bail proceedings. *See e.g.* Pls.' Compl. ¶¶ 43-51. Their allegations include the ability to report on court proceedings, engage in conversations with government officials, and to publicize findings through social media and online reports. Pls.' Compl. ¶¶ 9, 46. The First Amendment requires nothing more.

In addition, Plaintiffs allege that the use of a recording device would improve aspects of their journalistic endeavor, including the ability to create their own record where no transcript is available, and to provide the public with more information, including embedding audio clips to highlight the "human aspects" of the hearings "such as tone of voice and pace of arguments." Pls.' Compl. ¶ 43. However, journalistic considerations are irrelevant: the Supreme Court has made clear that the First Amendment does not provide the press with any rights of access beyond that of the general public. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 609 (1978). The ability of the public to listen to recordings of a proceeding similarly fails to trigger First Amendment protection. *See id*. at 610 ("The same could be said of the testimony of a live witness, yet there is no constitutional right to have such testimony recorded and broadcast.").

The First Amendment only requires that the media, just as the general public, be allowed to attend open court proceedings, take notes, and report observations. Plaintiffs have clearly been granted such access and, therefore, have failed to state a constitutional claim.

## IV. CONCLUSION

For the reasons set forth above, the Court should grant Defendant's Motion and dismiss Plaintiff's Complaint as to Defendant Sheriff Jewell Williams.

Date: September 18, 2019

Respectfully submitted,

/s/ Sean McGrath
Sean J. McGrath, Assistant City Solicitor
Amy M. Kirby, Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5444 (phone)
sean.mcgrath@phila.gov
amy.kirby@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRY REED and : | |
| THE PHILADELPHIA BAIL FUND, : | |
| Plaintiffs, : | |
| : | Civil Action |
| v. : | No. 19-3110 |
| : | |
| ARRAIGNMENT COURT MAGISTRATE : | |
| JUDGES FRANCIS BERNARD, : | |
| SHEILA BEDFORD, KEVIN DEVLIN, : | |
| JAMES O'BRIEN, JANE RICE, and : | |
| ROBERT STACK, in their official capacities; : | |
| PRESIDENT JUDGE PATRICK DUGAN, : | |
| in his Official capacity; and SHERIFF : | |
| JEWELL WILLIAMS, in his official capacity, : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing Motion to Dismiss Plaintiffs' Complaint sent automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users who have consented to acting electronic service through CM/ECF:

>Robert D. Friedman
>Nicolas U. Riley
>Institute for Constitutional Advocacy & Protection
>Georgetown University Law Center
>600 New Jersey Avenue, NW
>Washington, DC 20001
>
>Michael Berry
>Paul J. Safier
>Ballard Spahr LLP
>1735 Market Street, 51st Floor
>Philadelphia, PA 19103

Date: September 18, 2019                    Respectfully submitted,


                                                      /s/ Sean McGrath
                                                      Sean J. McGrath, Assistant City Solicitor
                                                      Pa. Attorney ID No. 322895
                                                      City of Philadelphia Law Department
                                                      1515 Arch Street, 15th Floor
                                                      Philadelphia, PA 19102
                                                      215-683-5444 (phone)
                                                      sean.mcgrath@phila.gov