IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRY REED and : <br> THE PHILADELPHIA BAIL FUND, : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> ARRAIGNMENT COURT MAGISTRATE : <br> JUDGES FRANCIS BERNARD, : <br> SHEILA BEDFORD, KEVIN DEVLIN, : <br> JAMES O'BRIEN, JANE RICE, and : <br> ROBERT STACK, in their official capacities; : <br> PRESIDENT JUDGE PATRICK DUGAN, : <br> in his Official capacity; and SHERIFF : <br> JEWELL WILLIAMS, in his official capacity, : <br> Defendants. : | Civil Action <br> No. 19-3110 |

**DEFENDANT JEWELL WILLIAMS'S BRIEF IN REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant, Sheriff Jewell Williams, in his official capacity ("Defendant Williams"), by and through his undersigned counsel, hereby files this Memorandum of Law in Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (ECF No. 18).

**I.  BACKGROUND**

In the instant action, Plaintiffs have alleged that state and local court rules prohibiting audio recording of bail hearings violate their constitutional rights under the First Amendment.[1] Defendant Williams filed a Motion to Dismiss on September 18, 2019. In their Response to Defendant Williams's Motion, Plaintiffs both ignore and misapply applicable law. First, Defendants fail to address the proper analysis laid out by the Third Circuit that dictates

---

[1] Plaintiffs fail to cite 42 U.S.C. §1983 in their Complaint, but because the case relates to an alleged violation of a constitutional right by a government policy, it is properly brought solely under §1983.

1

Defendant Williams is a local official and therefore cannot be held liable under § 1983 for the state court rules.  Second, Defendants misconstrue the applicable First Amendment standard that must be applied to this case:  the right of access to a courtroom proceeding.  Because this right does not include the ability to audio record the proceeding, Plaintiffs fail to state a Constitutional claim.  As a result, all claims should be dismissed as to Defendant Williams.

II.   ARGUMENT

    A.    **Defendant Williams Is Not a State Officer and Therefore Cannot be Held Liable Under § 1983 for a State Policy.**

Plaintiffs fail to state a claim against Defendant Williams because he is a local official and cannot be subject to liability for the policy of the Commonwealth.  However, even if Defendant Williams could be considered a state official, Plaintiffs' claims against him are barred under the Eleventh Amendment.

        1.    <u>Defendant Williams is a Local Official.</u>

Plaintiffs argue that their claim against Defendant Williams is not a claim against the City because he acts on behalf of the state and, therefore, is a state official.  Plaintiffs further assert that "when local officials act on behalf of a state, they may be subject to an injunction" under the exception to Eleventh Amendment immunity established in *Ex Parte Young*, 209 U.S. 123 (1908).  Pls.' Resp. 23, ECF No. 18.  However this assertion ignores the Third Circuit's decision in *Carter v. City of Phila*, 181 F.3d 339 (3d Cir. 1999), which determined whether the Philadelphia District Attorney was a state official and entitled to sovereign immunity under the Eleventh Amendment.  *Id.* at 347.  In making this determination, the Third Circuit "examin[ed] the evidence on three factors: (1) the source of funding—i.e., whether payment of any judgment would come from the state's treasury, (2) the status of the agency/individual under state law, and (3) the degree of autonomy from state regulation." *Id.* at 348.  The most important factor in this

analysis is the source of funding. *Id*.

The court found that the first factor weighed heavily in favor of finding the DA to be a local official because the DA's Office is wholly funded by the City of Philadelphia and the funds for any judgment would flow from the City and not the state. *Id*. The second factor also indicated DAs were local officials because they are expressly defined under the Pennsylvania Constitution as well as state case law as local officials. *Id.* at 348-349. Case law examined by the court further made "clear that performance of an essential sovereign function on behalf of or in the name of the state does not give rise to state surrogate status under state law." *Id.* at 351. Finally, the court found that the DA was autonomous from state regulation because, DAs must be "impeached like other locally elected officials" to be removed or replaced. *Id.* at 353.

Here, similar to the DA's Office, the Sheriff is clearly a local official against whom Plaintiffs cannot maintain a claim. Just like the DA's Office, the Sheriff is locally funded under the City's Home Rule Charter. Phila. Code § 20-305(3).[2] The state Constitution, in the same sentence where it defines the role of the DA, expressly defines sheriffs as county officers. Pa. Const. art. IX, § 4. A Pennsylvania Supreme Court case, *Specter v. Moak*, 307 A.2d 884 (Pa. 1973), cited with approval by the Third Circuit in *Carter*, further supports that Sheriffs are local officers. *Carter*, 181 F.3d at 351. In *Specter v. Moak*, the Pennsylvania Supreme Court rejected the argument that Philadelphia Assistant District Attorneys were state officials because they perform duties primarily on behalf of the Commonwealth. 307 A.2d at 887. The court considered other local officials, including the Sheriff of Philadelphia, who despite performing "duties solely on behalf of the courts of Philadelphia County whose judges are officers of the Courts," are employees of the City. *Id.*

---

[2] Although not plead in the complaint, matters of public record may be considered in a motion to dismiss. *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018).

Plaintiffs' reliance on *Finberg v. Sullivan*, 634 F.2d 50 (3d Cir. 1980) is misplaced. While *Finberg* found that the Sheriff of Philadelphia was a proper defendant to an action challenging the constitutionality of Pennsylvania post-judgment garnishment statutes, *Finberg* simply assumed that the sheriff was a state employee, failing to undertake any of the analysis laid out in *Carter*. *Id.* at 54-55. Here, such an assumption would run counter to the Third Circuit's clear framework subsequently laid out in *Carter*, under which Defendant Williams is clearly a local official.

A suit brought against a local official in their official capacity is equivalent to a suit brought against the municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Plaintiffs admit that in such suits "an injunction may only issue if the plaintiff's injury resulted from a *local* policy." Pls.' Resp. 28, ECF No. 18 (emphasis original) (citing *Los Angeles Cnty v. Humphries*, 562 U.S. 29, 39 (2010)). Therefore, because Defendant Williams is a local official, and Plaintiffs are challenging the constitutionality of state court rules, Plaintiffs' claims against Defendant Williams fail as a matter of law and should be dismissed pursuant to Rule 12(b)(6).

    2. <u>Even if Defendant Williams is a State Officer, Plaintiffs' Claims are Barred Under the Eleventh Amendment.</u>

Even if Defendant Williams could be considered a state official, Plaintiffs' claims are barred under the Eleventh Amendment because Plaintiffs have not plead any claim for injunctive relief and have not alleged a sufficient connection between Defendant Williams's responsibility as Sheriff under the state court rules and the conduct at issue.

First, Plaintiffs argue that their claim against Defendant Williams is not barred by the Eleventh Amendment because of the exception to sovereign immunity for official-capacity suits seeking prospective injunctive relief, which "is precisely the kind of claim Plaintiffs bring against the Sheriff here." Pls.' Resp. 24, ECF No. 18. However, the only relief sought against

4

the Sheriff in the Complaint is for the Court to "Award Plaintiff's attorney's fees and costs incurred for litigating against Defendant Williams." Compl. 15, ECF No. 1. Otherwise, the complaint merely seeks declaratory relief deeming the state court rules unconstitutional. Far from making a "precise" claim for injunctive relief, Plaintiffs fail to make a claim for prospective injunctive relief against any defendant.

Second, even if Plaintiffs amend their complaint to include injunctive relief against Defendant Williams, such amendment would be futile. Plaintiffs again rely heavily on *Finberg*, which found a plaintiff's claim against the Philadelphia sheriff to be exempt from the Eleventh Amendment under *Ex Parte Young*, 209 U.S. 123 (1908). *Finberg*, 634 F.2d at 54. The exception created by *Ex Parte Young* allows suits against state officials who have a "connection to the enforcement of the challenged act." *Id.* (quoting *Ex Parte Young*, 208 U.S. at 157). In *Finberg*, the Third Circuit found that the duties of the sheriff had a sufficient connection with the challenged state law, which requires the sheriff to serve a writ of execution on a garnishee. *Id.*; *see also* Pa. R.C.P. 3108 ("Service of the writ shall be made by the sheriff.").

Here, unlike in *Finberg*, the challenged court rules do not mention or otherwise put any requirements on sheriffs to enforce the rules. Rather, the only officials tasked with any kind of enforcement role by the rules are the Defendant Magistrates. For example, Rule 1910 provides that "*judges* should prohibit broadcasting, televising, recording or taking photographs in the courtroom" while Local Rule 7.09 states "[a]n *Arraignment Court Magistrate* shall prohibit broadcasting, televising, recording or taking photographs in the courtroom." (emphasis added). As a result, Defendant Williams does not have a sufficient connection to the challenged rules, and amendment of the Complaint would be futile.

The above discussion also negates Plaintiffs' argument that the Commonwealth can only

be held liable through Defendant Williams.  Clearly, Plaintiffs still may bring claims against the Defendant Magistrates.

Therefore, even if Defendant Williams could be considered a state official, any claim against him would be barred under the Eleventh Amendment and should be dismissed.

> **B.     The Only First Amendment Right Available to Plaintiffs is the Right of Access, Which Does Not Afford Constitutional Protection to Audio-Recording Courtroom Proceedings.**

In regard to the constitutional claims, Plaintiffs' Response makes two key erroneous arguments.  First, that *Fields v. City of Phila.*, 862 F.3d 353 (3d Cir. 2017), rather than *Whiteland Woods, L.P. v. Twp of W. Whiteland*, 193 F.3d 177, 183-84 (3d Cir. 1999), controls this case.  Second, that *Whiteland Woods* does not require the conclusion that Plaintiffs fail to allege a constitutional violation.

The Supreme Court has made clear that when considering the right to record *government proceedings* the only First Amendment protection available is the "right of access" – that is the right to attend, observe, and report freely on what was witnessed.  *Estes v. State of Tex.*, 381 U.S. 532, 541-42 (1965) (plurality opinion); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 577 (1980) (plurality opinion).  As Plaintiffs note, some courts have found that the right of access to government proceedings includes the ability to make sketches and take handwritten notes, both of which Plaintiffs currently are permitted to do at the bail hearings.  *See United States v. Columbia Broadcasting Sys.*, 497 F.2d 102, 107 (5th Cir. 1974); *Goldschmidt v. Coco*, 413 F. Supp. 2d 949, 952 (N.D. Ill. 2006).  However, Plaintiffs can point to no precedential or persuasive authority that extends the right of access to include audio-recording the proceeding. *But see United States v. Hastings*, 695 F.2d 1278, 1280 (11th Cir. 1983) (finding that no Supreme Court decisions hold that the First Amendment would be abridged by the exclusion of "television cameras and *other electronic recording devices* from the courtroom") (emphasis added);

6

*Whiteland Woods*, 193 F.3d 177, 183 (finding no "essential nexus" between the right of access and the right to videotape a government proceeding).

*Fields* is inapplicable to the facts at bar because it concerns the recording of police officers in open public spaces in contrast to open courtroom proceedings. The Seventh Circuit has most clearly noted the importance of this distinction. In *Am. Civil Liberties Union of Illinois v. Alvarez*, it explained that the Supreme Court has established "a *limited* constitutional 'right of access' to certain governmental proceedings. Based in part on the principle that the First Amendment protects a right to gather information about the government, the Court has recognized a *qualified right* of the press and public to attend certain governmental proceedings." 679 F.3d 583, 598 n.7 (7th Cir. 2012) (emphasis added). The court then contrasted this qualified right with the claim before it—the right to audio record events "in traditional public fora like streets, sidewalks, plazas, parks, and other open spaces." *Id.*

Similar to *Alvarez*, *Fields* solely considered whether video recording police officers making arrests on *public sidewalks* was protected under the First Amendment. *Fields*, 862 F.3d at 356. There, the court held that "under the First Amendment's right of access to information the public has the commensurate right to record—photograph, film, or audio record—police officers conducting official police activity in public areas." *Id.* at 360. The court in no way contemplated the right to record in a courtroom and indicated its holding would not support such a right. *See id* ("We do not say that all recording is protected or desirable. The right to record police is not absolute. '[I]t is subject to reasonable time, place, and manner restrictions.' . . . But in *public places these restrictions are restrained*.") (citing *Whiteland* Woods, 193 F.3d at 183) (emphasis added). Moreover, the court's holding even as to recording police in public spaces

was particularly narrow as it did "not, however, address at length the limits of this constitutional right." *Id.* at 360.

Plaintiffs' argument that *Fields*'s "reasoning applies with equal force to recordings of prosecutors and magistrates performing their duties in open court" runs counter to logic and precedent. As discussed in *Alvarez*, courtrooms are not public in the same way as a sidewalk or street because access is not presumed. This reflects the reality that courtrooms are places where a judge may, "in the interest of the fair administration of justice, impose reasonable limitations on access to a trial." *Richmond Newspapers*, 448 U.S. 555, 581 n. 18 (1980). *Whiteland Woods*, in contrast, considers more squarely the issue at bar—whether the right of access to a government proceeding includes the ability to record that proceeding—and provides the proper standard under which to determine the constitutional issue raised in this case.

Plaintiffs also incorrectly argue that *Whiteland Woods* is distinguishable and otherwise commands a finding that the state court rules are unconstitutional. First, Plaintiffs mistakenly confuse the applicable standard in arguing that *Whiteland Woods* is distinguishable because it did not consider whether the prohibition violated speech or expressive rights. The right to record is not considered speech but rather a "corollary right" that falls just outside of, but is still necessary for, expression. *See* Margot E. Kaminski, Privacy and the Right to Record, 97 B.U. L. Rev. 167, 190 (2017). *Fields* recognized this principle by explicitly stating that "this case is not about whether Plaintiffs expressed themselves through conduct. It is whether they have a First Amendment right of access to information about how our public servants operate in public." 862 F.3d at 355. Other cases Plaintiffs cite support this conclusion. *See Alvarez*, 679 F.3d at 595. As a result, that Plaintiffs are "explicitly asserting an abridgement of their speech and expressive rights" has no effect on the applicability of *Whiteland Woods*.

Finally, as discussed in Defendant's Motion to Dismiss, *Whiteland Woods* supports a finding that the right of access to the bail hearings does not include the right to audio record the proceedings.  The applicable standard is whether a time, place or manner restriction "limits the underlying right  of access rather than regulating the manner in which that access occurs." *Whiteland Woods*, 193 F.3d at 183.   As discussed above, in the context of courtroom proceedings, the right of access does not extend to recording the proceeding.  Indeed, even in the context of a township planning commission meeting, a proceeding not involving the sort of delicate privacy and evidentiary concerns raised by Defendants as to court proceedings such as bail hearings, *Whiteland Woods* came to the same conclusion—the right of access does not include the right to video record the proceeding.

In brief, the right to record a courtroom proceeding depends on the First Amendment right of access, which has never been interpreted to constitutionally require the ability to audio record judicial proceedings.  Plaintiffs, therefore, have failed to state a constitutional claim and their Complaint should be dismissed.

### III.    CONCLUSION

For all the reasons set forth above, the Court should grant Defendant's Motion and dismiss Plaintiff's Complaint as to Defendant Sheriff Jewell Williams.

Date:  October 23, 2019                                  Respectfully submitted,


/s/ Sean McGrath
Sean J. McGrath, Assistant City Solicitor
Amy M. Kirby, Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5444 (phone)
sean.mcgrath@phila.gov

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRY REED and : <br> THE PHILADELPHIA BAIL FUND, : <br>                Plaintiffs, : <br> : <br>              v. : <br> : <br> ARRAIGNMENT COURT MAGISTRATE : <br> JUDGES FRANCIS BERNARD, : <br> SHEILA BEDFORD, KEVIN DEVLIN, : <br> JAMES O'BRIEN, JANE RICE, and : <br> ROBERT STACK, in their official capacities; : <br> PRESIDENT JUDGE PATRICK DUGAN, : <br> in his Official capacity; and SHERIFF : <br> JEWELL WILLIAMS, in his official capacity, : <br>                Defendants. : | **Civil Action** <br> **No. 19-3110** |

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing Motion to Dismiss Plaintiffs' Complaint sent automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users who have consented to acting electronic service through CM/ECF:

>Robert D. Friedman
>Nicolas U. Riley
>Institute for Constitutional Advocacy & Protection
>Georgetown University Law Center
>600 New Jersey Avenue, NW
>Washington, DC  20001
>
>Michael Berry
>Paul J. Safier
>Ballard Spahr LLP
>1735 Market Street, 51st Floor
>Philadelphia, PA  19103

1

Date:  October 23, 2019                              Respectfully submitted,


                                                                                   /s/ Sean McGrath
                                                                                   Sean J. McGrath, Assistant City Solicitor
                                                                                   Pa. Attorney ID No. 322895
                                                                                  City of Philadelphia Law Department
                                                                                  1515 Arch Street, 15th Floor
                                                                                  Philadelphia, PA 19102
                                                                                  215-683-5444 (phone)
                                                                                  sean.mcgrath@phila.gov