UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————

**MERRY REED; PHILADELPHIA
BAIL FUND,**

        *Plaintiffs*,

**v.**                                         Civil Action No. 2:19-3110

**ARRAIGNMENT COURT MAGISTRATE
JUDGES FRANCIS BERNARD, SHEILA
BEDFORD, KEVIN DEVLIN, JAMES
O'BRIEN, JANE RICE, and ROBERT
STACK, in their official capacities;
PRESIDENT JUDGE PATRICK DUGAN,
in his official capacity; SHERIFF
JEWELL WILLIAMS, in his official
capacity,**

        *Defendants*.

———————————————————————

### STIPULATION

      The parties stipulate, for the purposes of their cross-motions for summary judgment, that

all of the facts contained in the attached statement are undisputed.  The parties further stipulate to

the authenticity and genuineness of the exhibits referenced in the statement and attached thereto.

                                     Respectfully submitted,

<table>
<tr>
<td>

 /s/  *Michael Daley*
MICHAEL DALEY, ESQUIRE
MEGAN L. DAVIS, ESQUIRE
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Counsel for Judicial Defendants*

</td>
<td>

 /s/  *Nicolas Y. Riley*
NICOLAS Y. RILEY*
ROBERT D. FRIEDMAN*
INSTITUTE FOR CONSTITUTIONAL ADVOCACY &
    PROTECTION
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue NW
Washington, DC 20001
Tel.:  202-662-4048
Fax:  202-662-9248
nr537@georgetown.edu

</td>
</tr>
</table>

1

  /s/  *Sean J. McGrath*
SEAN J. McGRATH
AMY KIRBY
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5444 (phone)
sean.mcgrath@phila.gov
amy.kirby@phila.gov

*Counsel for Sheriff Defendant*

Dated:  December 11, 2019

rdf34@georgetown.edu
*   Admitted pro hac vice.*

MICHAEL BERRY
PAUL J. SAFIER
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel.:   215-665-8500
Fax:   215-864-8999
berrym@ballardspahr.com
safierp@ballardspahr.com

*Counsel for Plaintiffs*

Dated:  December 11, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
_____

**MERRY REED; PHILADELPHIA
BAIL FUND,**

        *Plaintiffs*,

**v.**                                           Civil Action No. 2:19-3110

**ARRAIGNMENT COURT MAGISTRATE
JUDGES FRANCIS BERNARD, SHEILA
BEDFORD, KEVIN DEVLIN, JAMES
O'BRIEN, JANE RICE, and ROBERT
STACK, in their official capacities;
PRESIDENT JUDGE PATRICK DUGAN,
in his official capacity; SHERIFF
JEWELL WILLIAMS, in his official
capacity,**

        *Defendants*.
_____

## STATEMENT OF UNDISPUTED FACTS

### Parties

1.      Plaintiff **Merry Reed** is a writer, reporter, and the managing editor of *The Declaration*, an independent online news source that covers Philadelphia politics, art, culture, and activism.  Ms. Reed's writing and investigative work focus on criminal and civil justice issues in Philadelphia.  She is actively investigating and gathering information about Philadelphia's bail system for work that she plans to publish in *The Declaration*.

2.      Plaintiff **Philadelphia Bail Fund** is a non-profit organization whose mission is to make Philadelphia's bail system more just.  The Bail Fund operates an initiative called Philadelphia Bail Watch, which sends volunteers into bail hearings to observe and report on what they see.  These volunteers typically observe bail hearings at least once a month and often

1

multiple times a week, documenting specific facts about each bail hearing they observe.  The
Bail Fund then collects and analyzes this information for production in online and written
reports, communications with governmental actors, and other public messaging, such as social
media posts.  The organization uses these reports and communications to educate and engage
with Philadelphia's citizens and government officials regarding the City's bail practices.  The
Bail Fund is incorporated in Pennsylvania and run by a staff of six permanent volunteers.

3.     Defendants **Francis Bernard**, **Sheila Bedford**, **Kevin Devlin**, **James O'Brien**,
**Cateria McCabe**, and **Robert Stack** serve as Arraignment Court Magistrates—also known as
"bail magistrates"—in Philadelphia Municipal Court in Pennsylvania's First Judicial District.
They preside over preliminary arraignments, during which bail is set, (colloquially referred to as
"bail hearings") in Philadelphia's Stout Criminal Justice Center (CJC).

4.     Defendant **Patrick Dugan** is the President Judge of the Philadelphia Municipal
Court.  Pursuant to Pennsylvania Rule of Criminal Procedure 116, President Judge Dugan is
responsible for ensuring that the Arraignment Court Magistrates comply with the Pennsylvania
Rules of Criminal Procedure.

5.     Defendant **Jewell Williams** is the Sheriff of Philadelphia County and leads the
Philadelphia Sheriff's Office.  The Sheriff's Office is funded by the City of Philadelphia.  In
addition to other duties, Sheriff Williams is responsible for security at the CJC.  Part of this
responsibility includes directing deputy sheriffs to enforce court rules, including the rules
prohibiting audio-recording court proceedings.  Deputy sheriffs enforce the audio-recording
prohibition by instructing individuals that recording is not allowed and to put away any recording
devices.  Deputy sheriffs will also, upon a directive from a magistrate, seize recording devices

and/or remove from the courtroom individuals who seek to use such devices during court proceedings.

<p style="text-align:center">**Philadelphia's Bail Process**</p>

<p style="text-align:center">**Arraignment Court Magistrates**</p>

6.     Arraignment Court Magistrates preside over preliminary arraignments, where bail is set for individuals arrested for state offenses in Philadelphia.

7.     The magistrates are available to hold hearings twenty-four hours per day, seven days per week, three-hundred and sixty-five days per year.  Hearings can be, and are, held at any time of day on each day of the year; the magistrates take rotating shifts in presiding over the hearings.

8.     While on the bench, each magistrate is responsible for enforcing court rules, which include rules barring members of the public from audio recording preliminary arraignments. (The relevant rules are discussed in greater detail *infra* at ¶¶ 46-50.)  The magistrates also have the authority to direct Sheriff's deputies to enforce the applicable court rules, including those that prohibit the public from audio-recording preliminary arraignments, by instructing them to seize any recording devices and/or remove people from the courtroom who attempt to record the proceedings. Each bail magistrate also has the power to hold people in contempt for violating court rules governing audio recording.

<p style="text-align:center">**Preliminary Arraignments**</p>

9.     The events leading up to a preliminary arraignment typically involve law enforcement transporting an arrestee to one of the City's seven Divisional Booking Centers to be processed. Data is entered into several databases including the Preliminary Arraignment Reporting System (PARS).  A police arrest report is generated at the conclusion of police

<p style="text-align:center">3</p>

processing.  This report is simultaneously, electronically transmitted to the District Attorney's Office for charging and Pretrial Services for interview.

10.     Once at the Divisional Booking Center, the arrestee will be interviewed by the First Judicial District's Pretrial Services Division.  Pretrial Services will ask the arrestee about his or her residence, employment, health, education level, and other biographical details, which it then compiles into a report, which is submitted to the magistrates prior to arraignment through PARS.  The Report also provides a bail guideline category for the magistrate's consideration.

11.     An arrestee is ready for preliminary arraignment upon the District Attorney's Office approving the charges and the submission of the pretrial services report to the magistrate.

12.     Pursuant to state procedural rules, the pretrial services report is available only to the magistrate, the arrestee's representative, and the Commonwealth.  The report is not made available to and cannot be accessed by members of the public.

13.     The time between arrest and preliminary arraignment is on average 15 hours.

14.     The arrestee is physically located at one of seven police precincts in Philadelphia and is connected with the other participants via an audio-visual link. The presiding magistrate is located in the preliminary-arraignment courtroom in the basement of the CJC, also in Philadelphia, along with a representative for the Commonwealth and a representative from the Defenders' Association, which represents arrestees who do not have private counsel.

15.     The arrestee appears in court through the audio-visual link on a monitor. All the participants are able to see and hear each other via the audio-visual link.

16.     At the preliminary arraignment, the Commonwealth, the arrestee's representative, and the arrestee have an opportunity to address the court on what bail conditions they believe are appropriate, as well as respond to any questions the bail magistrate may have.

17.     Issues that may be discussed include the arrestee's criminal history, the charges, ties to the community, employment status, child care support, mental condition, drug issues, a history of flight or escape, and related matters that bear on whether an arrestee will appear for court.

18.     In discussing these issues, the participants commonly use a variety of technical terms and acronyms.  Examples of these terms include: "F.T.A." to refer to an arrestee's prior "failure to appear" for a court date; "S.O.B." to refer to "signature on bond" (a type of release condition under which an arrestee is released without posting the full bail amount but can become liable for that amount if he or she fails to appear for a later court date); and "condition 1" to refer to specific release conditions imposed on people charged with drug offenses.

19.     At the end of the hearing, the bail magistrate decides whether the arrestee is bailable and, if so, sets bail.  Pennsylvania Rule of Criminal Procedure 524 sets forth the various conditions of release that a magistrate can impose.  Pennsylvania Rule of Criminal Procedure 523 sets forth the release criteria that magistrates are supposed to consider in determining "whether to release [an arrestee], and what conditions, if any, to impose."  Pa. R. Crim. P. 523(a).

20.     The magistrate inputs his or her bail determination—which includes, if applicable, the monetary bail amount and any release conditions—into PARS.  That information is then transferred into the Common Pleas Criminal Court Case Management System (CPCMS).  Screen captures of the PARS database into which the magistrate enters the bail decision at the end of each hearing are attached as Exhibit A.  Although the PARS screens are not available to the public, the bail information is available to the public after the arraignment.  *See infra* ¶¶ 33-37 (and attached exhibits).

21. Preliminary arraignments typically last less than four minutes, on average.

22. If either party is unsatisfied with the bail decision, an emergency Municipal Court judge is available at the end of the hearings for an immediate de novo appeal by telephone twenty-four hours a day, seven days a week.  The arrestee's audio-visual connection is terminated before the appeal.

23. An arrestee who wants to seek further review of the Municipal Court judge's decision must file a motion to reduce bail, challenge the bail determination at a subsequent court date, or ask to participate in a process known as "Early Bail Review," which is available to certain arrestees.  If an arrestee pursues one of these avenues for further review, the earliest the matter would be heard is within five days after the initial bail hearing.

24. These further bail review hearings are also de novo.

25. There is no transcript made of the preliminary arraignment or the immediate telephonic appeal to the emergency Municipal Court judge.  No court reporter is present.

26. Municipal Court makes audio recordings of preliminary arraignments solely for internal review purposes.  The audio recordings are not available to the public.

27. The arraignments are open to the press and public—including Plaintiffs—who may observe and take notes.

28. The arraignment courtroom has ten rows of seating and a stated maximum capacity of sixty-five.

29. The public viewing area is separated from the front of the courtroom by a glass wall.  The courtroom is equipped with a speaker system that transmits the hearing participants' voices into the viewing area.  The people in the public viewing area are also able to see the arrestee on the audio-visual link.

30.     Members of the public are permitted to bring electronic devices—including cell phones—into the bail courtroom, though they are prohibited from using the devices inside the courtroom.  Several signs posted in the viewing area warn visitors that recording the proceedings is prohibited.

31.     The name of and case number for an arrestee is not publicly available prior to the arrestee's preliminary arraignment.  The public cannot access the time that a preliminary arraignment for any individual arrestee will commence and cannot access any other information about the preliminary arraignment before it occurs.  Neither the Commonwealth's nor the arrestee's representative typically submits any written argument related to a preliminary arraignment.

32.     Approximately 30,000 bail hearings are held each year in Philadelphia, on average. During the first eleven months of 2019 alone, more than 29,000 bail hearings were held at the CJC—an average of roughly ninety hearings per day.

## Preliminary Arraignment and Bail Information Available to the Public

33.     Following the preliminary arraignment, court documents related to the preliminary arraignment are filed in the public record for that case, including the bail bond, bail appeal report (if applicable), criminal complaint, and preliminary hearing subpoena for the arrestee.  Sample documents are attached as Exhibits B through E.  The documents are for the same case, other than the bail appeal report.

34.     Members of the public can visit the CJC in person to review and obtain copies of these documents, which are not accessible online.  The First Judicial District charges twenty-five cents per page for a copy of case records, whether the record is produced in electronic or paper format.  There is no charge to view the documents in person.

35.     Public docket sheets for Pennsylvania criminal cases are accessible via the Commonwealth's Unified Judicial System Web Portal through CPCMS, which is a statewide case management system for criminal cases.  The search page is available at: https://ujsportal.pacourts.us/DocketSheets/CP.aspx.  CPCMS is maintained by the Administrative Office of Pennsylvania Courts (AOPC).

36.     The docket sheet for a case is posted to the CPCMS Web Portal after the preliminary hearing, typically within hours following the hearing.

37.     A sample docket sheet is attached as Exhibit F.

38.      The Unified Judicial System Web Portal permits members of the public to search for docket sheets by the arrestee's name, case number, offense tracking number (OTN), and police incident/complaint number.  The Web Portal does not allow members of the public to search for docket sheets by date of arraignment.

39.     The public may request bulk CPCMS case information through either AOPC or the First Judicial District.

40.     Requests to AOPC for bulk CPCMS data are governed by AOPC's Electronic Case Record Public Access Policy.  The Policy is attached as Exhibit G and available at https://perma.cc/2TFF-KFYV (retrieved Dec. 6, 2019).  The fee schedule for a one-time bulk data request is attached as Exhibit H and available at https://perma.cc/LX9P-57AD (retrieved Dec. 9, 2019).  The fee schedule for recurring requests is attached as Exhibit I and available at https://perma.cc/43C8-3WUM (retrieved Dec. 9, 2019).

41.     The public may request a bulk data report from AOPC for case information for every preliminary arraignment in Municipal Court for a specific time period selected by the

8

requestor, regardless of whether they know any information pertinent to a particular case. The case information includes the list of fields attached as Exhibit J.

42.     Pursuant to AOPC's Electronic Case Record Public Access Policy, the recipient of a request has 10 business days to respond to the request and at least an additional 30 business days to fulfill the request by providing the requested data.

43.     The First Judicial District also has a local rule governing public access to electronic case records. Requests to the First Judicial District for electronic case data are governed by Philadelphia Rule of Judicial Administration *402. Rule *402 is attached as Exhibit K and available at https://perma.cc/2VAJ-DNLD (retrieved Dec. 9, 2019). The First Judicial District draws on the same CPCMS data as the AOPC to fulfill these requests. If the First Judicial District considers a request onerous, the requestor may be referred to AOPC.

44.     The First Judicial District has established a fee schedule that applies to electronic case data requests. The fee schedule is attached as Exhibit L and available at https://perma.cc/68LL-5MCK.

45.     The Philadelphia District Attorney's Office maintains a daily updated website available to the public, which contains aggregate information on bail amount by offense category since 2014, in both raw and proportional values. The website is located at https://data.philadao.com/Bail_Report.html.

**Relevant Rules Regarding Recording**

46.     Pursuant to state and local rules of court, along with a criminal statute, the public is not allowed to make audio recordings of preliminary arraignments.

47.     ***Pennsylvania Rule of Criminal Procedure 112(C)***. Rule 112 provides, in relevant part:

9

(C)     Except as provided in paragraph (D), the stenographic, mechanical, electronic recording, or the recording using any advanced communication technology, of any judicial proceedings by anyone other than the official court stenographer in a court case, for any purpose, is prohibited.

(D)     In a judicial proceeding before an issuing authority, the issuing authority, the attorney for the Commonwealth, the affiant, or the defendant may cause a recording to be made of the judicial proceeding as an aid to the preparation of the written record for subsequent use in a case, but such recordings shall not be publicly played or disseminated in any manner unless in a court during a trial or hearing.

48.     ***Pennsylvania Rule of Judicial Administration 1910***.  Rule 1910 provides in relevant part that "judges should prohibit broadcasting, televising, recording or taking photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between sessions," subject to limited exceptions not relevant here.

49.     ***Local Arraignment Court Magistrate Rule 7.09.*** Local Rule 7.09 provides that "[a]n Arraignment Court Magistrate shall prohibit broadcasting, televising, recording, or taking photographs in the Courtroom or the areas immediately adjacent thereto during sessions or recesses between sessions," subject to limited exceptions not relevant here.

50.     ***Pennsylvania Criminal Statute, 18 Pa.C.S.A. § 5301.1.*** In Pennsylvania it is a criminal offense if any person "in any manner and for any purpose uses or operates a device to capture, record, transmit or broadcast a photograph, video, motion picture or audio of a proceeding or person within a judicial facility or in an area adjacent to or immediately surrounding a judicial facility without the approval of the court or presiding judicial officer or except as provided by rules of court."  Plaintiffs are not challenging the constitutionality of 18 Pa.C.S.A. § 5301.1 in this case.

51.     In addition to preliminary arraignments, other criminal hearings and criminal

trials, including jury trials, take place at the CJC, which also houses filing offices, judges'

chambers, and other court-related offices.

### Plaintiffs' Requests for Permission to Audio Record Bail Hearings

52.     On June 14, 2019, the Philadelphia Bail Fund emailed President Judge Dugan to

request permission to audio record the bail proceedings held before the magistrates.  The email is

attached as Exhibit M.

53.     President Judge Dugan denied the Bail Fund's request via email on June 17, 2019.

The email is attached as Exhibit N.

54.     On June 18, 2019, Merry Reed sent letters to the six Arraignment Court

Magistrate Judges to request permission to audio record the bail proceedings held before them.

The letters are attached as Exhibit O.

55.     On July 3, 2019, President Judge Dugan denied Ms. Reed's request, via email, on

behalf of Magistrate Judge O'Brien.  The email is attached as Exhibit P.

### Impact of Audio-Recording Ban on Plaintiffs

56.     Ms. Reed would like to embed audio clips in her story on *The Declaration*'s

website to highlight aspects of the hearings—such as tone of voice and pace of arguments.

57.     If not for the restrictions on audio recording, Ms. Reed would begin recording bail

hearings right away.  She would use a silent, handheld recording device.  The recording device

would not have any cellular or wireless capabilities, and she would allow courthouse security to

inspect the device before she began using it.

58.     Plaintiff Philadelphia Bail Fund regularly produces reports and communicates

with the public and government officials about bail hearings in Philadelphia.

59.     The Bail Fund participated in producing a 41-page report on arraignments in Municipal Court in October 2018.  *See* https://perma.cc/9Y29-W4SA (retrieved on December 2, 2019).  It also issued a press release and report on cash bail in Municipal Court in May 2019. *See* https://perma.cc/QFR7-J47W (retrieved on September 3, 2019).

60.     The Bail Fund also has two other reports available on its website: a Case Outcomes Report and a 2018 Annual Report.  Both Reports are available at https://perma.cc/633E-P3RG.

61.     The Bail Fund's volunteers typically observe preliminary arraignments at least once a month and often multiple times a week.  Currently, to obtain information about what was said during bail hearings, the Bail Fund must rely on its volunteers, who can take only handwritten notes during the bail hearings.

62.     The Philadelphia Bail Fund seeks to make audio recordings of bail hearings.  If not for the court rules prohibiting audio-recording, the Philadelphia Bail Fund would provide its volunteers with silent, handheld recording devices.  The recording devices would have no cellular or wireless capabilities, and the organization would allow courthouse security to inspect the device before volunteers began using it.

63.     The Bail Fund would make recordings of bail hearings available to the public through social media platforms and embed audio excerpts of hearings into online versions of its reports.

# EXHIBIT A







File Edit Action Report Window Help
Last Name DKT #(s) Location
[redacted]
CR-0031482-1483 East CCT
CR-0031484 East CCT
CR-0031485 East CCT
CR-0031486 East CCT
CR-0031487 Southwes
CR-0031488 Southwes
CR-0031489 Southwes
CR-0031490 Southwes
CR-0031491 Central C
CR-0031492 Central C
CR-0031493 Central C
CR-0031494 Central C
CR-0031495 Central C
CR-0031496 North CC
CR-0031497 PDU CC1
CR-0031498 PDU CC1
CR-0031499 PDU CC1
CR-0031500 PDU CC1
CR-0031501 PDU CC1
CR-0031502 PDU CC1
CR-0031503 Northeast
CR-0031504 East CCT
[redacted] DOB: [redacted] CaseType Felony
DC #: [redacted] PID: [redacted] Complainant: 1 of 2 Codefendants: 000
Next Action: 12/18/2019 09:00 Loc: 805: 1301 Filbert Street, Stout Cente
Disposition: Bail Bail $
Origin
By:
Divert
Def R
DKT#
Code
JC9134
Releas
Pr
POL
Docket: MC51-CR-0031482-
Employee Name
[redacted]
Bail Appeal
Defendant Name: [redacted] Arrest D/T: 12/03/2019 16:20
DC #: [redacted] PID: [redacted] CBN: [redacted]
Charges
Code OC Description Grd Cnt
04200 FUGITIVE FROM JUSTIC F2 001
Appeal Disposition:
Bail Appeal Amount:
Appeal Judge Name:
Appealed By:
Appeal Result:
Done
Cancel

PARS - Municipal Court Clerk - [Court Transcript]
File Edit Action Report Window Help
Last Name DKT #(s) Location
[redacted]
CR-0031482-1483 East CCT
CR-0031484 East CCT
CR-0031485 East CCT
CR-0031486 East CCT
CR-0031487 Southwes
CR-0031488 Southwes
CR-0031489 Southwes
CR-0031490 Southwes
CR-0031491 Central C
CR-0031492 Central C
CR-0031493 Central C
CR-0031494 Central C
CR-0031495 Central C
CR-0031496 North CC
CR-0031497 PDU CCT
CR-0031498 PDU CCT
CR-0031499 PDU CCT
CR-0031500 PDU CCT
CR-0031501 PDU CCT
CR-0031502 PDU CCT
CR-0031503 Northeast
CR-0031504 East CCT
[redacted] DOB: [redacted] CaseType Felony
DC #: [redacted] PID: [redacted] Complainant: 1 of 1 Codefendants: 000
PWID-PH
Next Action: 12/19/2019 08:00 Loc: 903: 1301 Filbert Street, Stout Cente
Disposition: Bail $
Original Disposition: Bail Appeal Amt:
By: Appeal Judge: Result:
Divert Prog: Loc: Divert Date: 00/00/0000 00:00
Def Rep: Orientation Date: 00/00/0000
DKT# 31489: 2 Charges
Code Description Grade Comp. POLICE 18TH DISTRICT
CS13A30 CSA-MANUF/DEL/PWI F
CS13A16 CSA-K/I POSSESSION M
Release Condition(s): 0 of 0
Notes
Previous Case
Next Case
Print
Done Session

# EXHIBIT B

*PARS*

# CERTIFICATION OF BAIL AND DISCHARGE

DKT #:**MC51-CR-**████**-2019**

| BOND #: | DC #: ████████ | OTN #: ████ | CP #: |
|---|---|---|---|

Commonwealth VS. ████

Addr: ████████████ **Apt # House**

DATE OF CHARGES: **12/05/2019**

**CATERIA    MCCABE**

(JUDGE OR ISSUING AUTHORITY)

Bail Set at:  **$4,000.00**          **SOB**

Conditions of release: (Aside from appearing at court when required)

(Attached addendum if necessary).

**$4,000.00**          **SOB**

**DA Recommends No Cash**

Defendants are released on bail subject to fingerprinting photographing and identification
as well as court bail agency interview, prior to being released.

### APPEARANCE OR BAIL BOND:

THIS BOND IS VALID FOR THE ENTIRE PROCEEDINGS AND UNTIL
FULL AND FINAL DISPOSITION OF THE CASE INCLUDING FINAL
DISPOSITION OF ANY PETITION FOR WRIT OF CERTIORARI OR
APPEAL TIMELY FILED IN THE SUPREME COURT.

**CHARGES:**

| Code | OC | Description | Grade | Counts |
|---|---|---|---|---|
| CS13A16 | | CSA-K/I POSSESSION | M | 001 |
| CS13A30 | | CSA-MANUF/DEL/PWI | F | 001 |

**NEXT COURT ACTION:**

Date & Time: **12/19/2019 08:00**

Location:    **803: 1301 Filbert Street, Stout Center**

---

The CONDITIONS of this bond are that the defendant will:

(1) Appear before the issuing authority and in the Courts of the County
Philadelphia, Pennsylvania, at all times as his presence may be required,
ordered, or directed, until full and final disposition of the case, to plead,
to answer and defend as ordered the aforesaid charge or charges.

(2) Submit self to all orders and processes of the issuing authority or Court.

(3) The DEFENDANT and the SURETY must give written notice to the
issuing authority, Clerk of Courts, SCCJ,1301 Filbert St,3rd Fl; the District
Attorney AND the Office of Judicial Records Bail Acceptance Unit,
SCCJ 1301 Filbert Street, Basement (215)-683-7726/7727,
of any change in his address within forty-eight hours of the
date of his address change.

(4) Neither do, nor cause to be done, nor permit to be done on his or her
behalf, any act proscribed by Crime Codes section 4952 (relating to
intimidation of witnesses or victims) or sections 4953 (relating to
retaliation against witnesses or victims) (18 Pa. C.S. #4953). Effective
July 1, 1982.

(5) Refrain from criminal activity.

(6) Comply with any specific requirement of release imposed by the
issuing authority or Court, such as a satisfactory participation in a
designated program.

(7) Obey such other conditions as the Court, or Court Bail Agency with
leave of issuing authority or Court, may impose.

If defendant performs the conditions as set forth herein, then this bond is
to be void, otherwise the same shall remain in full force and this bond in
the full sum thereof shall be forfeited.

- In the case of "Percentage Cash Bail" or "Nominal Bail", Power of
Attorney is not required.

And further, in accordance with law, we do hereby empower any
attorney of any court of record within the Commonwealth of Pennsylvania
or elsewhere to appear for us at any time, and with or without
declarations filed, and whether or not the said obligation be in default, to
confess judgment against us, and in favor of the Commonwealth of
Pennsylvania for use of the aforesaid County and its assigns, as of any
term or session of a court of record of the aforesaid County for
the above sum and costs, with release of all errors, without stay of
execution, and inquisition on and extension upon any levy or real estate
is hereby waived, and condemnation agreed to, and the exemption of
personal property from levy and sale on any execution hereon is also
hereby expressly waived, and no benefit of
exemption is claimed under and by virtue of any exemption law now in
force or which may be passed hereafter.

And for so doing this shall be sufficient warrant.  A copy of this bond and
warrant being filed in said action, it shall not be necessary to file the
original as a warrant of attorney, any law or rule of the Court to the
contrary, notwithstanding.

---

I ACKNOWLEDGE THAT I AM LEGALLY RESPONSIBLE FOR THE FULL AMOUNT OF THE BAIL, IF ANY,
AND ALL TERMS AND CONDITIONS OF THIS BOND.

THIS BOND IS ISSUED AND SIGNED

**at PHILADELPHIA, PENNSYLVANIA.**

X _____

SIGNATURE OF DEFENDANT

# EXHIBIT C

*PARS*

# BAIL APPEAL REPORT

DATE:  12/05/2019

COMMONWEALTH  V.  ████████████

DC#:  ████████

DKT#:  MC51-CR-00█████2019

**CHARGES:**

| Code | OC Description | Grade | Counts |
|---|---|---|---|
| CC0907 | PIC | M1 | 001 |
| CC2701 | SIMPLE ASSAULT | M2 | 001 |
| CC2702 | AGGRAVATED ASSAULT | F1 | 001 |
| CC2705 | REAP | M2 | 001 |
| CC2706 | TERRORISTIC THREATS | M1 | 001 |
| CC3701 | ROBBERY | F1 | 001 |
| CC3921 | THEFT-UNLWF TAKING | M1 | 001 |
| CC3925 | THEFT-RSP | M1 | 001 |
| CC6105 | VUFA-FORMER CONVICT | F1 | 001 |
| CC6106 | VUFA-NO LICENSE | F3 | 001 |
| CC6108 | VUFA-ON STREETS | M1 | 001 |

ORIGINAL BAIL: $175,000     SET BY  CATERIA MCCABE

BAIL APPEAL JUDGE:   MARSHA NEIFIELD

RESULT OF APPEAL:   Denied          $175,000.00

APPEAL BY:  Public Defender

PUBLIC DEFENDER:  YEE, ADAM

ADA: NICO CERIALE

**A copy of this Bail Appeal form must be placed in the Clerk of Quarter Session file and faxed to the MC Court Administration at 215-683-7293, for every appeal whether approved or denied.**

# EXHIBIT D

**Commonwealth VS.**  PARS

| Commonwealth VS. | | Dckt/MC# | | DC# |
|---|---|---|---|---|
| | | MC51-CR-████████-2019 | | ████████ |
| Address: | | COMPLAINT FILED BY: | | Codefendants: 0 |
| ████████████████ | | Name: PHILADELPHIA POLICE | | |
| | | Date: 12/05/2019 | | Complainants: 1 |
| PID: ████ SID: ████████ | DOB: ████ | OTN#: | | |

| State Chrg | O Court | Description | Gr Ct | State Chrg | O Court | Description | Gr Ct |
|---|---|---|---|---|---|---|---|
| CS13A30 | 80406 | CSA-MANUF/DEL/PWI | F 01 | CS13A16 | 80109 | CSA-K/I POSSESSION | M 01 |

Arrest Date: 12/04/2019  BY: CHARLES HARRON CHARLES          Badge#: 247375  Group Id:              /          2

Next Action Date: 12/19/2019  Time: 08:00          Next Action Location: 803: 1301 Filbert Street, Stout Center

Arraignment Disposition: SOB          Amount: $4,000.00          **Appeal Information**          Arrest Type: SA

Conditions of Release:          DA Recommends No Cash Bail          Bail Appeal Judge:

Appeal By:

Notes: **See Supplemental Page For Complete Text**

Special Needs:

AC Magistrate: CATERIA          MCCABE          Attorney for Def: **Public Defender**

Court Clerk: **MARGARET SOLOMON**

ADA/DA Rep: **NICO CERIALE**

Arraignment Site: PD

Arraignment Date: **12/05/2019**  Time: **08:15**

---
Preliminary Hearing or Trial Continuances
---

| | | | | | ☐ B.W. Issued | |
|---|---|---|---|---|---|---|
| First Action | Continued To | Reason for Continuance | Code | ☐ B.O.S.O. | Judge | |
| Further Action | Continued To | Reason for Continuance | Code | ☐ B.W. Issued ☐ B.O.S.O. | Judge | |
| Further Action | Continued To | Reason for Continuance | Code | ☐ B.W. Issued ☐ B.O.S.O. | Judge | |

---
Preliminary Hearing Disposition
---

Date          Place          Attorney for Defendant (Name and Address)

Court Clerk          Court Reporter          Atty No.          ADA

After (waiving) hearing, above defendant is held for Court as follows:

Arraignment Date and Room

It is ordered that the charge(s) against the defendant are to be presented          Date:          Judge:
to the District Attorney for the preparation of information.

---
Trial Disposition Date
---

Date          Place          Attorney for Defendant (Name and Address)          Atty No.

Court Clerk          Court Reporter          Plea          Verdict          Atty for Prosecution

Sentence:

I hereby certify that the above is a true and correct          Judge:          Date:
return and transcript. Witness my hand and Seal.          (Seal)

---
Use reverse side for additional notes
---

**ORIGINAL DOCUMENT**          ████████  DC#: ████████          12/05/2019 16:01:22

| **1** Date | Type | Courtroom | Court Steno. | **2** Date | Type | Courtroom | Court Steno. |
|---|---|---|---|---|---|---|---|
| Court Clerk | Judge | ADA | Counsel | Court Clerk | Judge | ADA | Counsel |
| Contin. Code | Cont. to Judge | Cont. to Room | On (Date) | Contin. Code | Cont. to Judge | Cont. to Room | On (Date) |
| Defense ☐ Ready ☐ Not Ready | | Prosecution ☐ Ready ☐ Not Ready | | Defense ☐ Ready ☐ Not Ready | | Prosecution ☐ Ready ☐ Not Ready | |

| **3** Date | Type | Courtroom | Court Steno. | **4** Date | Type | Courtroom | Court Steno. |
|---|---|---|---|---|---|---|---|
| Court Clerk | Judge | ADA | Counsel | Court Clerk | Judge | ADA | Counsel |
| Contin. Code | Cont. to Judge | Cont. to Room | On (Date) | Contin. Code | Cont. to Judge | Cont. to Room | On (Date) |
| Defense ☐ Ready ☐ Not Ready | | Prosecution ☐ Ready ☐ Not Ready | | Defense ☐ Ready ☐ Not Ready | | Prosecution ☐ Ready ☐ Not Ready | |

**COMMONWEALTH VS.**

| Record Control No. | Name, A/K/A, Address, Zip Code | Rule 1100 Expiration Date | **INFORMATION NO.** Year, Term & No. |
|---|---|---|---|
| Police Photo No. | | | This Case Involves Nos. to |

*ORIGINAL DOCUMENT*               DC#:               12/05/2019 15:01:22

MC Transcript 31   Page 3 of 3

*PARS*

**Notes:** NOTE:  DEFENDANT IS ALSO KNOWN AS ████████████



**PARS**

**COMMONWEALTH OF PENNSYLVANIA**
**PHILADELPHIA COUNTY**

DC#: ▮▮▮▮▮

Dckt/MC#: **MC51-CR-00** ▮ **2019**

SID: ▮▮▮▮▮

Date: **DEC 05, 2019**

## *Criminal Complaint*

*Felony*

**COMMONWEALTH OF PENNSYLVANIA VS.** ▮▮▮▮▮▮▮

I, the undersigned, do hereby state under oath or affirmation:

(1) My name is: **NICO CERIALE**

District Attorney's Representative

(2) I accuse ▮▮▮▮▮▮▮
who lives at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

with violating the Penal Laws of Pennsylvania on or about **Wednesday, December 04,2019**
in the County of Philadelphia.

(3) The acts committed by the accused were:

**See Supplemental Page For Complete Text**

The Commonwealth hereby gives notice to the Defendant that the Defendant may be subject to the enhanced sentencing provisions of Title 35 of the Pa.C.S.A., relating to Knowing and Intentional Possession of a Controlled Substance.

In violation of Pennsylvania Penal Laws, section(s) and title(s)

**Lab User Fee Requested**

**CHARGES:**

Defendant has been fingerprinted

| Code | Description | Grade | Counts |
|------|-------------|-------|--------|
| CS13A30 | CSA-MANUF/DEL/PWI | F | 001 |
| CS13A16 | CSA-K/I POSSESSION | M | 001 |

All of which is against the peace and dignity of the Commonwealth of Pennsylvania

(4) I ask that a warrant of arrest or a summons are issued and that the accused be required to answer the charges I have made. This complaint has been reviewed and approved by **JOSHUA  PARAMBATH**

A.D.A.

(5) I swear to or affirm the within complaint upon my knowledge, information and belief, and sign it on
**12/05/2019** before Philadelphia Municipal Court Judge/Arraignment Court Magistrate.

_____
Signature of Arraignment Court Magistrate

_____
Signature of Affiant

*Commonwealth's Representative: "I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents."*

On **12/05/2019** , the above named affiant swore or affirmed that the facts set forth in the complaint were true and correct to the best of his/her knowledge, information and belief, and signed it in my presence. I believe the within affiant to be a responsible person and that there is probable cause for the issuance of process.



_____
Issuing Authority              Seal

**COMMONWEALTH OF PENNSYLVANIA**
**PHILADELPHIA COUNTY**

DC#: ▮

Dckt/MC#: **MC51-CR-**▮**-2019**

SID: ▮

Date: **DEC 05, 2019**

*Supplemental Page For Complete Text*

ON 12/4/19, AT OR NEAR CFCF AT 8101 STATE RD, THE DEFENDANT UNLAWFULLY POSSESSED A CONTROLLED
SUBSTANCE, TO WIT,SUBOXONE/BARBITUATES, IN SUFFICIENT QUANTITY AND/OR UNDER SUFFICIENT CIRCUMSTANCES AS
TO INDICATE AN INTENT TO DELIVER.
THE COMMONWEALTH HEREBY NOTIFIES THAT SHOULD THE DEFENDANT HAVE A PRIOR CONVICTION UNDER 35 P.S
780-116 AND BE CONVICTED ON THE PRESENT CHARGE, WE WILL SEEK IMPOSITION OF A SENTENCE IN ACCORD WITH THE
MAXIMUM PENALTY OF THREE (3) YEARS IMPRISONMENT PURSUANT TO 35 P.S. 780-113(B).

# EXHIBIT E



**SUBPOENA**

Commonwealth of Pennsylvania
City of Philadelphia

Dckt/MC#: **MC51-CR-00⬛2019**

| | YOU ARE ORDERED TO APPEAR AT PHILADELPHIA MUNICIPAL COURT | | Usted Esto Ordenado A Comparacer En Filadelfia Corte Municipal | | | |
|---|---|---|---|---|---|---|

| At/EI: 803: 1301 Filbert Street, Stout Center | | | |
|---|---|---|---|
| Mo | Day | Year | Time |
| Mes | Dia | Ano | Hora |
| 12 | 19 | 2019 | 08:00:00 |

ALIAS: ⬛

YOU ARE COMMANDED BY ORDER OF THE COURT, TO APPEAR AS A DEFENDANT IN THIS CASE AT THE PRECISE TIME AND PLACE INDICATED ABOVE BY THE COURT. THIS SUBPOENA SHALL BE CONTINUING AND SHALL REMAIN IN FORCE UNTIL THE TERMINATION OF THE ABOVE CRIMINAL PROCEEDING.

**IF YOU FAIL TO APPEAR WITHOUT CAUSE AT ANY PROCEEDING FOR WHICH YOUR PRESENCE IS REQUIRED, INCLUDING PRELIMINARY HEARING AND TRIAL, YOUR ABSENCE MAY BE DEEMED A WAIVER OF YOUR RIGHT TO BE PRESENT, AND THE PROCEEDING, INCLUDING THE TRIAL, MAY BE CONDUCTED IN YOUR ABSENCE AND A WARRANT OF ARREST WILL BE ISSUED.**

Usted esta obligado por la corte, a comparecer como acusado en este caso en la hora precisa y sitio indicato arriba por la Corte. Esta citacion debe ser continuada y permanece valida hasta la determinacion del proceso antes mencionado.

**LA INCOMPARECENCIA SIN MOTIVO A CUALQUIER ACTO PROCESAL EN EL CUAL SU PRESENCIA ES REQUERIDA, INCLUYENDO LA AUDIENCIA PRELIMINAR Y/O JUICIO, PUEDE SER CONSIDERADA COMO UNA RENUNCIA AL DERECHO DE ESTAR PRESENTE Y EL ACTO PROCESAL, INCLUYENDO EL JUICIO, PUEDE PROCEDER EN SU AUSENCIA, Y SE EXPEDIRÁ UNA ORDEN DE ARRESTO.**

I hereby acknowledge receipt of this Notice

_____
Defendant's Signature (Firma del Acusado)

_____
Office of Judicial Records (Oficina de Registros Judiciales)

The Municipal Court complies with the Americans With Disabilities Act, which requires that all court services and facilities be accessible to persons with disabilities on an equal basis to those without disabilities. If you have a disability and require reasonable accommodations to file a claim, participate in a municipal court proceeding, or use any service provided by the court, Please call (215) 683-7272.

**YOU MUST HAVE AN ATTORNEY DEBE TENER UN ABOGADO**

**BRING THIS NOTICE WITH YOU TRAIGA ESTA NOTA CON USTED**

**YOUR BAIL HAS BEEN SET AT:**

**$4,000.00      SOB**

**RELEASE CONDITIONS:**
DA Recommends No Cash Bail

NOTE: If the Defender Association (PD) has been appointed to represent you, then you must report to its office at **1441 Sansom St., 9:30 am to 4:30 pm, Monday-Friday or call 215-568-3190**      for more information.

I hereby swear or affirm that all statements I made during my Pretrial Services Interview are true. I understand that if I knowingly made any untrue statements to the Pretrial services Interviewer, I can be prosecuted for False Swearing under 18 PA C.S. §4903 and sentenced to up to two years in prison and fined up to $5,000.00.

I hereby swear or affirm that I have read and agree to comply with standard conditions of release as well as any special conditions printed thereon. I understand that if I violate any of these conditions, or if I fail to appear at the time and place specified above, I may be arrested for contempt of court, for a violation of 18 PA C.S. §5124 regarding Default in Required Appearance, and/or for other crimes, and my bail may be revoked and sued out. If I fail to appear at the time and place specified above for a preliminary hearing, Pennsylvania law may permit the hearing to be conducted in my absence.

_____
Defendant

DC # ⬛                    CBN: ⬛         PID: ⬛

# Notice of Language Rights



Language Access Coordinator
Land Title Building, 2nd Floor, 100 South Broad Street, Philadelphia, PA, 19110
215-683-8000; languageaccesscoordinator@courts.phila.gov

**English:** You have the right to an interpreter at no cost to you. To request an interpreter, please inform court staff using the contact information provided at the top of this notice.

**Spanish/Español:** Usted tiene derecho a un intérprete libre de costo. Para solicitar un intérprete favor de informárselo al personal judicial utilizando la información provista en la parte superior de este aviso.

**Mandarin/Cantonese Simplified Chinese/普通话/粤语简体中文**：您有权获得免费的口译员服务。若需要口译员，请使用本通知上方提供的联系信息通知法院工作人员。

**Russian/Русский:** У вас есть право на бесплатные услуги переводчика. Заявка на переводчика подается в суд по адресу, телефону или эл. почте, указанным выше в заголовке этого уведомления.

**Portuguese/Português:** Você tem direito a um intérprete gratuitamente. Para solicitar um intérprete, informe à nossa equipe usando os dados de contato mostrados na parte superior deste aviso.

**Haitian Creole/Kreyòl Ayisyen:** Ou gen dwa resevwa sèvis yon entèprèt gratis. Pou mande pou yon entèprèt, tanpri fè manm pèsonèl tribinal la konnen lè ou sèvi avèk enfòmasyon an yo te bay ou nan tèt avi sa a.

# EXHIBIT F

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET

**Docket Number: MC-51-CR-00███-2019**

### CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Page 1 of 3

## CASE INFORMATION

Judge Assigned:                                         Date Filed: 12/05/2019         Initiation Date: 12/05/2019

OTN: U 1████            LOTN:                     Originating Docket No: ████████

Initial Issuing Authority:                              Final Issuing Authority:

Arresting Agency: Philadelphia Pd                 Arresting Officer: Harris, Michael D.

Complaint/Incident #: ████████

Case Local Number Type(s)                          Case Local Number(s)

   Originating Docket Number                          MC-51-CR-00███-2019

   District Control Number                            ████████

   Originating Document Number                        ████████

## RELATED CASES

| Related Docket No | Related Case Caption | Related Court | Association Reason |
|---|---|---|---|
| **Related** | | | |
| MC-51-CR-00███-2018 | Comm. v. ████ | MC-01-51-Crim | |

## STATUS INFORMATION

| Case Status: | Active | Status Date | Processing Status | Arrest Date: | 12/05/2019 |
|---|---|---|---|---|---|
| | | 12/05/2019 | Awaiting Preliminary Hearing | | |
| | | 12/05/2019 | Awaiting Status Hearing | | |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Arraignment | 12/05/2019 | 8:15 am | B08 | | Scheduled |
| Preliminary Hearing | 12/19/2019 | 8:00 am | 803 | Judge Wendy L. Pew | Scheduled |

## DEFENDANT INFORMATION

Date Of Birth: ████            City/State/Zip: Philadelphia, PA  19124

Alias Name

████████

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | ████████ |

CPCMS 9082                                                                                    Printed: 12/06/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-00_____-2019**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

███████████████

Page 2 of 3

## BAIL INFORMATION

████████████

**Nebbia Status: None**

| Bail Action | Date | Bail Type | Percentage | Amount | | |
|---|---|---|---|---|---|---|
| | | | | | Bail Posting Status | Posting Date |
| Set | 12/05/2019 | Unsecured | | $4,000.00 | | |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | | 35 § 780-113 | Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver | 12/04/2019 | U 189275-2 |
| 2 | 2 | | 35 § 780-113 | Int Poss Contr Subst By Per Not Reg | 12/04/2019 | U 189275-2 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | | Disposition Date | Final Disposition | |
|---|---|---|---|---|
| Sequence/Description | | Offense Disposition | Grade | Section |
| Sentencing Judge | | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | | |

**Proceed to Court**

| Preliminary Arraignment | | 12/05/2019 | Not Final | |
|---|---|---|---|---|
| 1 / Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver | | Proceed to Court | | 35 § 780-113 |
| 2 / Int Poss Contr Subst By Per Not Reg | | Proceed to Court | | 35 § 780-113 |

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| **Name:** Philadelphia County District Attorney's Office | **Name:** Defender Association of Philadelphia |
| Prosecutor | Public Defender |
| **Supreme Court No:** | **Supreme Court No:** |
| **Phone Number(s):** | **Rep. Status:** Active |
| 215-686-8000 (Phone) | **Phone Number(s):** |
| **Address:** | **Address:** |
| 3 South Penn Square | |
| Philadelphia, PA 19107 | |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 12/05/2019 | | Municipal Court - Philadelphia County |
| PARS Transfer | | | |
| 2 | 12/05/2019 | | McCabe, Cateria R. |
| Bail Set - ███████████ | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-00█████-2019**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

███████████

Page 3 of 3

---

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# EXHIBIT G

## ELECTRONIC CASE RECORD PUBLIC ACCESS POLICY
## OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA

**Section 1.00   DEFINITIONS**

A.  "CPCMS" means the Common Pleas Criminal Court Case Management System.

B.  "Custodian" is the person, or designee, responsible for the safekeeping of electronic case records held by any court or office and for processing public requests for access to electronic case records.

C.  "Electronic Case Record" means information or data created, collected, received, produced or maintained by a court or office in connection with a particular case that exists in the PACMS, CPCMS, or MDJS and that appears on web docket sheets or is provided in response to bulk distribution requests, regardless of format.  This definition does not include images of documents filed with, received, produced or maintained by a court or office which are stored in PACMS, CPCMS or MDJS and any other automated system maintained by the Administrative Office of Pennsylvania Courts.

D.  "MDJS" means the Magisterial District Judge Automated System.

E.  "Office" is any entity that is using one of the following automated systems: Pennsylvania Appellate Court Case Management System (PACMS); Common Pleas Criminal Court Case Management System (CPCMS); or Magisterial District Judge Automated System (MDJS)."

F.  "PACMS" means the Pennsylvania Appellate Court Case Management System.

G.  "Party" means one by or against whom a civil or criminal action is brought.

H.  "Public" includes any person, business, non-profit entity, organization or association.

"Public" does not include:

1.  Unified Judicial System officials or employees, including employees of the office of the clerk of courts, prothonotary, and any other office performing similar functions;

2.  people or entities, private or governmental, who assist the Unified Judicial System or related offices in providing court services; and

3.      any federal, state, or local governmental agency or an employee or official of such an agency when acting in his/her official capacity.

I.      "Public Access" means that the public may inspect and obtain electronic case records, except as provided by law or as set forth in this policy.

J.      "Request for Bulk Distribution of Electronic Case Records" means any request, regardless of the format the information is requested to be received in, for all or a subset of electronic case records.

K.      "UJS" means the Unified Judicial System of Pennsylvania.

L.      "Web Docket Sheets" are internet available representations of data that have been entered into a Unified Judicial System supported case management system for the purpose of recording filings, subsequent actions and events on a court case, and miscellaneous docketed items.

## Section 2.00   STATEMENT OF GENERAL POLICY

A.      This policy covers all electronic case records.

B.      The public may inspect and obtain electronic case records except as provided by law or as set forth in this policy.

C.      A court or office may not adopt for electronic case records a more restrictive access policy or provide greater access than that provided for in this policy.

## Section 3.00   ELECTRONIC CASE RECORD INFORMATION EXCLUDED FROM PUBLIC ACCESS

The following information in an electronic case record is not accessible by the public:

A.      social security numbers;

B.      operator license numbers;

C.      victim information including name, address and other contact information;

D.      informant information including name, address and other contact information;

E.      juror information including name, address and other contact information;

F.      a party's street address, except the city, state, and ZIP code may be released;

2

G.      witness information including name, address and other contact information;

H.      SID (state identification) numbers;

I.      financial institution account numbers, credit card numbers, PINS or passwords used to secure accounts;

J.      notes, drafts, and work products related to court administration or any office that is the primary custodian of an electronic case record;

K.      information sealed or protected pursuant to court order;

L.      information to which access is otherwise restricted by federal law, state law, or state court rule;

M.      information presenting a risk to personal security, personal privacy, or the fair, impartial and orderly administration of justice, as determined by the Court Administrator of Pennsylvania with the approval of the Chief Justice; and

N.      information regarding arrest warrants and supporting affidavits until execution.


## Section 3.10   REQUESTS FOR BULK DISTRIBUTION OF ELECTRONIC CASE RECORDS

A.      To the extent that adequate resources and technical capabilities exist, a request for bulk distribution of electronic case records shall be permitted for data that is not excluded from public access as set forth in this policy.

B.      To the extent that adequate resources and technical capabilities exist, a request for bulk distribution of electronic case records not publicly accessible under Section 3.00 of this Policy may be fulfilled where: the information released does not identify specific individuals; the release of the information will not present a risk to personal security or privacy; and the information is being requested for a scholarly, journalistic, governmental-related, research or case preparation purpose.

    1.      Requests of this type will be reviewed on a case-by-case basis.

    2.      In addition to the request form, the requestor shall submit in writing:
        (a)      the purpose/reason for the request;
        (b)      identification of the information sought;
        (c)      explanation of the steps that the requestor will take to ensure that the information provided will be secure and protected;
        (d)      certification that the information will not be used except for the stated purposes; and

(e)    whether IRB approval has been received, if applicable.

## Section 3.20   REQUESTS FOR ELECTRONIC CASE RECORD INFORMATION FROM ANOTHER COURT OR OFFICE

Any request for electronic case record information from another court should be referred to the proper record custodian in the court or office where the electronic case record information originated.   Any request for electronic case record information concerning multiple magisterial district judge courts or judicial districts should be referred to the Administrative Office of the Pennsylvania Courts.

## Section 4.00   RESPONDING TO A REQUEST FOR ACCESS TO ELECTRONIC CASE RECORDS

A.    Within 10 business days of receipt of a written request for electronic case record access, the respective court or office shall respond in one of the following manners:

1.    fulfill the request, or if there are applicable fees and costs that must be paid by the requestor, notify requestor that the information is available upon payment of the same;

2.    notify the requestor in writing that the requestor has not complied with the provisions of this policy;

3.    notify the requestor in writing that the information cannot be provided; or

4.    notify the requestor in writing that the request has been received and the expected date that the information will be available.  If the information will not be available within 30 business days, the court or office shall notify the Administrative Office of Pennsylvania Courts and the requestor simultaneously.

B.    If the court or office cannot respond to the request as set forth in subsection A, the court or office shall concurrently give written notice of the same to the requestor and Administrative Office of Pennsylvania Courts.

## Section 5.00   FEES

A.    Reasonable fees may be imposed for providing public access to electronic case records pursuant to this policy.

B.    A fee schedule shall be in writing and publicly posted.

4

C.   A fee schedule in any judicial district, including any changes thereto, shall not become effective and enforceable until:

   1.   a copy of the proposed fee schedule is submitted by the president judge to the Administrative Office of Pennsylvania Courts; and

   2.   the Administrative Office of Pennsylvania Courts has approved the proposed fee schedule.

## SECTION 6.00   CORRECTING DATA ERRORS

A.   A party to a case, or the party's attorney, seeking to correct a data error in an electronic case record shall submit a written request for correction to the court in which the record was filed.

B.   A request to correct an alleged error contained in an electronic case record of the Supreme Court, Superior Court or Commonwealth Court shall be submitted to the prothonotary of the proper appellate court.

C.   A request to correct an alleged error contained in an electronic case record of the Court of Common Pleas, Philadelphia Municipal Court or a Magisterial District Court shall be submitted and processed as set forth below.

   1.   The request shall be made on a form designed and published by the Administrative Office of Pennsylvania Courts.

   2.   The request shall be submitted to the clerk of courts if the alleged error appears in an electronic case record of the Court of Common Pleas or Philadelphia Municipal Court.  The requestor shall also provide copies of the form to all parties to the case, the District Court Administrator and the Administrative Office of Pennsylvania Courts.

   3.   The request shall be submitted to the Magisterial District Court if the alleged error appears in an electronic case record of the Magisterial District Court. The requestor shall also provide copies of the form to all parties to the case, the District Court Administrator and the Administrative Office of Pennsylvania Courts.

   4.   The requestor shall set forth on the request form with specificity the information that is alleged to be in error and shall provide sufficient facts including supporting documentation that corroborates the requestor's contention that the information in question is in error.

   5.   Within 10 business days of receipt of a request, the clerk of courts or Magisterial District Court shall respond in writing to the requestor, all parties

to the case, and Administrative Office of Pennsylvania Courts, in one of the following manners:

    a.    the request does not contain sufficient information and facts to adequately determine what information is alleged to be error; accordingly, the request form is being returned to the requestor; and no further action will be taken on this matter unless the requestor resubmits the request with additional information and facts.

    b.    the request does not concern an electronic case record that is covered by this policy; accordingly, the request form is being returned to the requestor; no further action will be taken on this matter.

    c.    it has been determined that an error does exist in the electronic case record and that the information in question has been corrected.

    d.    it has been determined that an error does not exist in the electronic case record.

    e.    the request has been received and an additional period not exceeding 30 business days is necessary to complete the review of this matter.

6.    A requestor has the right to seek review of a final decision under subsection 5(a)-(d) rendered by a clerk of courts or a Magisterial District Court within 10 business days of notification of that decision.

    a.    The request for review shall be submitted to the District Court Administrator on a form that is designed and published by the Administrative Office of Pennsylvania Courts.

    b.    If the request for review concerns a Magisterial District Court's decision, it shall be reviewed by the judge assigned by the President Judge.

    c.    If the request for review concerns a clerk of courts' decision, it shall be reviewed by the judge who presided over the case from which the electronic case record alleged to be in error was derived.

## SECTION 7.00   CONTINUOUS AVAILABILITY OF POLICY

A copy of this policy shall be continuously available for public access in every court or office that is using the PACMS, CPCMS, and/or MDJS.

Effective September 6, 2019

# EXHIBIT H

Notice of Amendments to the
Administrative Office of Pennsylvania Courts Fee Schedule
Concerning Requests for Access to Electronic Case Records


Section 5.00(A) of the *Electronic Case Record Public Access Policy of the Unified Judicial System of Pennsylvania* provides that reasonable fees may be imposed for providing public access to electronic case records pursuant to this policy.

When responding to bulk requests pursuant to Section 3.10(A) of this policy, the Administrative Office of Pennsylvania Courts (AOPC) currently charges $78 per hour ($28 per hour for staff time and $50 per hour for computer equipment time).  This fee schedule took effect January 1, 1997 (26 Pa.B. 6179).

Beginning April 1, 2012, the fee schedule shall be amended as follows.  The computer equipment time fee of $50 per hour will be eliminated.  The staff time fee shall be increased to $80 per hour. The net result will be an overall increase of 2.5% (from $78 to $80 per hour).  In addition, a minimum charge of 1 hour of staff time shall be assessed to each request, and thereafter requesters will be charged in 15 minute increments.

In addition, the fees assessed for recurring bulk requests (i.e., on a monthly basis) of standardized files will also change as of April 1, 2012.  To view the most recent list of standardized files offered and associated fees, please visit the AOPC website at www.pacourts.us.


_____

ZYGMONT A. PINES
Court Administrator of Pennsylvania

# EXHIBIT I

Supreme Court of Pennsylvania



Administrative Office of Pennsylvania Courts
Information Technology – Public Access Unit
PO Box 62307
Harrisburg, PA  17106-2307
(717) 795-2000

---

### Public Access Recurring Files and Fees

| File | AOPC System | Monthly Fee | Historical File Fee |
|---|---|---|---|
| MDJ Orders of Execution | MDJS | $145 | $580 |
| MDJ Orders of Possession | MDJS | $142 | $568 |
| MDJ LT Filings | MDJS | $330 | $1,320 |
| MDJ LT Dispositions | MDJS | $326 | $1,304 |
| MDJ Civil Filings | MDJS | $512 | $2,048 |
| MDJ Civil Dispositions | MDJS | $512 | $2,048 |
| MDJ Non-Traffic Filings | MDJS | $570 | $2,280 |
| MDJ Non-Traffic Dispositions | MDJS | $600 | $2,400 |
| MDJ Traffic Filings | MDJS | $686 | $2,744 |
| MDJ Traffic Dispositions | MDJS | $792 | $3,168 |
| MDJ Criminal Filings | MDJS | $480 | $1,920 |
| MDJ Criminal Dispositions | MDJS | $600 | $2,400 |
| MC Criminal Filings | CPCMS | $240 | $960 |
| CP Criminal Filings | CPCMS | $600 | $2,400 |
| CP Criminal Dispositions | CPCMS | $540 | $2,160 |
| CP Miscellaneous Filings | CPCMS | $158 | $632 |
| CP Miscellaneous Dispositions | CPCMS | $110 | $440 |

Late Payment Fee (for bill due 30 days or more)        $75

---

As of April 1, 2012                                    Administrative Office of Pennsylvania Courts (AOPC)

# EXHIBIT J

Data As Of 8/21/2019

| Field Names |
| --- |
| Docket Number |
| Filing Date |
| System |
| Docket Type |
| Defendant Name |
| OTN |
| LOTN |
| Court Number (CPCMS) |
| Judge |
| Defendant Sex |
| Defendant Race |
| Offense Sequence Number |
| Title |
| Section |
| Subsection |
| Description |
| Offense Date |
| Offense Disposition |
| Offense Disposition Date |
| Bail Type |
| Bail Set Amount |
| Bail Action Authority |
| Bail Action |
| Bail Action Date |
| Bail Action Created System |
| Bail Posting Status |
| Bail Posting Status Date |
| Security Type |
| Security Amount |
| Surety Type |
| Surety Name |
| Bail Post Created System |
| Defendant DOB |
| Docket Entry Filed Date |
| Official Docket Entry |
| Docket Entry Filed By (Person) |
| Lead Offense Indicator |
| Lead Offense Grade |
| Representation Type / Attorney Role |
| Name of Defendant's Attorney |
| Defendant's Zip Code |
| Bail Depositor Name |
| Date of Docket Entry of "Waiver of Preliminary Hearing" |
| Date of Docket Entry of "Waiver of Counsel" |

CPCMS - Philadelphia Municipal Court   Prepared By: AOPC

# EXHIBIT K

Effective 7-01-18

## PHILADELPHIA RULE OF JUDICAL ADMINISTRATION

**Rule \*401. Policy Concerning Access to Case Records of the Court of Common Pleas and Philadelphia Municipal Court, in Conjunction with the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania ("*Case Records Policy of the UJS*")**

(a) **Confidential Information.** When a document (including exhibits) contains any of the confidential information listed in Section 7.0 of the Case Records Policy of the UJS, the filer shall file a *Redacted Version* and an *Unredacted Version* of the document, as provided below.

  (1) *Redacted Version*. The *Redacted Version* of the document shall not include any of the confidential information listed in Section 7.0 (A), and must be redacted in a manner that is visibly evident to the reader. The *Redacted Version* of the document shall be accessible by the public.

  (2) *Unredacted Version*. The *Unredacted Version* of the document shall contain all information, including the confidential information listed in Section 7.0 (A). The *Unredacted Version* of the document shall not be accessible by the public.

  (3) A *Redacted Version* of a document which contains confidential information does not need to be filed for case types that are sealed or exempt from public access pursuant to applicable authority.

(b) **Confidential Documents.**
The documents listed in Section 8.0 (A) of the Case Records Policy of the UJS shall be filed together with the *Confidential Document Form*. When a document is filed using the First Judicial District's Electronic Filing System, the *Confidential Document Form* will be generated by the Electronic Filing System upon entry of the requisite information by the filer. All confidential documents filed in connection with each filing can be uploaded at the same time. A *Confidential Document Form* need not be used for case types that are sealed or exempt from public access pursuant to applicable authority. Confidential documents filed together with the *Confidential Document Form* are not accessible by the public; however, the *Confidential Document Form* is accessible by the public.

(c) **Access to  Case Records at a Court Facility**
The information described in Section 9.0 of the Case Records Policy of the UJS is not accessible by the public at any First Judicial District court facility.

(d) **Remote Access.**

  (1) **By the Parties.** Counsel of record or unrepresented parties shall continue to have remote access to documents and other legal papers filed in their case(s) only.

  (2) **By the Public.** Before providing remote access to Case Records or dockets to the public, each Court or Division of the First Judicial District must insure that the information and documents listed and described in Section 10.0 are not remotely accessible by the public.

(e) **Fee Schedules.** The First Judicial District shall adopt a Fee Schedule, as provided in Section 6.0 of the Case Records Policy of the UJS, which shall be posted on the court's website at www.courts.phila.gov and posted in each court facility's filing office in an area accessible to the public.

Effective 7-01-18

# PHILADELPHIA RULE OF JUDICAL ADMINISTRATION

**Rule *402. Electronic Case Records. Court of Common Pleas of Philadelphia County and Philadelphia Municipal Court.**

(a) Electronic case record information maintained by the First Judicial District is available as provided in this rule to the extent its release is authorized or restricted by law, state and local rules, and applicable policies of the Unified Judicial System.

(b) Requests for electronic case record information shall be made on forms provided by the First Judicial District from time to time.

(c) Standard reports will be made available to Requesters upon payment of the requisite fee. Requests for combined electronic case records ("bulk records") shall be reviewed and approved on a case-by-case basis. Any request for bulk records that can be compiled using an existing report format shall be granted. Any request for bulk records or data which cannot be compiled using an existing report format will be granted if the request is not onerous, and the First Judicial District has available personnel and resources needed to compile the information requested without adversely impacting the operations of the First Judicial District or otherwise disrupting its orderly and efficient case flow.

(d) Requests for electronic case records will be subject to fees and costs adopted by the First Judicial District from time to time. The First Judicial District must assess, charge and collect the fees and other charges that are required by law and other legal authority. See, e.g. 42 Pa.C.S. § 1725, 42 P.S. §21015 et seq., and 42 P.S. § 21081.

(1) The First Judicial District shall adopt a Public Access Fee Schedule which shall be posted on the court's website at www.courts.phila.gov and posted in each court facility's filing office in an area accessible to the public.

(2) The Public Access Fee Schedule may be amended from time to time by the First Judicial District.

(3) Requesters may be required to pay the estimated cost of any report before release of the approved electronic case information.

**Effective 7-01-18**

# PHILADELPHIA RULE OF JUDICAL ADMINISTRATION

**Rule \*403. Financial Records of the Court of Common Pleas of Philadelphia County and Philadelphia Municipal Court.**

(a) Pennsylvania Rule of Judicial Administration No. 509 implements Section 304 of The Right to Know Law which requires Judicial Agencies to provide financial records. See Act 3 of 2008, 65 P.S. § 67.304. Financial Records maintained by the First Judicial District are presumed to be open to any member of the public for inspection or copying during established business hours as provided in Pennsylvania Rule of Judicial Administration No. 509 and this rule.

   (1) Information regarding First Judicial District Contracts and Purchase Orders of $5,000 or more issued after July 1, 2008 is available through the UJS Web Portal, https://ujsportal.pacourts.us/DocumentPostings/Search.aspx, by selecting "**Philadelphia**" in the "*Judicial Office*" field.

   (2) Financial records may also be requested by competing the First Judicial District Financial Records Request Form, which is available on the First Judicial District's website at www.courts.phila.gov.

(b) The First Judicial District shall designate an Open-Records Officer and Appeals Officer, as required by 65 P.S. § 67.502 and 65 P.S. § 67.503.

(c) The First Judicial District shall adopt a Fee Schedule, which shall be available on the First Judicial District's website at www.courts.phila.gov. The Fee Schedule may be amended from time to time. Pre-payment will be required if expected compliance costs exceed $100.

# EXHIBIT L

7-01-18

# First Judicial District of Pennsylvania

## Philadelphia Rules of Judicial Administration Nos. *401, *402 and *403
### Court of Common Pleas of Philadelphia County and Philadelphia Municipal Court

## PUBLIC ACCESS FEE SCHEDULE
### Effective July 1, 2018

**1) Copies of Official Case Records and Financial Records.** Unless otherwise provided by applicable authority[1], $0.25 shall be charged per page for Case Records and Financial Records provided in a paper or electronic format, whether duplicated by photocopying or printing from electronic media.

**2) Historical Electronic Case Records Data File.** A file consisting of agreed upon electronic data fields spanning a five (5) year period, as follows:

    (a) $25,000 for electronic data maintained by the below Courts/Divisions:
        (i)  Court of Common Pleas, Trial Division, Civil
        (ii) Court of Common Pleas, Orphans' Division
        (iii) Municipal Court, Civil Division[2]
        (iv)Philadelphia Municipal Court Traffic Division[2]

    (b) $10,000 for each Court or Division for electronic data maintained by that Court or Division:
        (i)  Court of Common Pleas, Trial Division, Civil
        (ii) Court of Common Pleas, Orphans' Division
        (iii) Municipal Court, Civil Division[2]
        (iv) Philadelphia Municipal Court Traffic Division[2]

    (c) $3,000 for each report type (e.g. "Case Record" or "Judgment File") for each of the following Courts or Divisions:
        (i)  Court of Common Pleas, Trial Division, Civil
        (ii) Court of Common Pleas, Orphans' Division
        (iii) Municipal Court, Civil Division[2]
        (iv) Philadelphia Municipal Court Traffic Division[2]

**3) Recurring Reports.** Until otherwise provided, recurring monthly reports are available at the cost of $300 per month. A list of the available recurring (standard) reports may be posted on the website of the First Judicial District and may be amended from time to time.

**4) Weekly Reports.** Recurring Reports which are provided on a monthly basis will be provided on a weekly basis for the monthly fee, and an additional cost of $85 per week.

**5) Daily Reports.** Recurring Reports which are provided on a monthly basis will be provided on a daily basis for the monthly fee, and an additional cost of $85 per business day

**6) *Ad Hoc*, Non-Recurring, Requests.** Will be provided at a cost based on a standard programming fee of @$85 per hour, plus $300 per report.

**7) Record requested on media such as CD, DVD or other memory devices are subject to a minimum fee of $ 10 or actual cost. Postage will be added, at actual cost, if delivery is requested by U.S. mail or other expedited delivery. Other costs incurred in producing Financial Records will be assessed at actual cost.**

---

[1] *See, e.g. 42 Pa.C.S. §1721, 42 P.S. §21015 et seq., and 42 P.S. § 21081.*

[2] *The Case Management System for this Division is maintained by a third-party provider. The cost for requested data may be higher depending on the amount the third-party provider will charge the District for producing the requested report. An estimate will be provided to the Requester for approval and pre-payment before the requested report is produced.*

EXHIBIT M

From: **Malik Neal** < ███ @phillybailfund.org>
Date: Fri, Jun 14, 2019 at 4:22 PM
Subject: Request For Audio Recording
To: < █████████ @courts.phila.gov>
Cc: < █████████ @courts.phila.gov>, Maia Jachimowicz < ███ @phillybailfund.org>


Dear President Judge Dugan,

I am writing on behalf of the Philadelphia Bail Fund.  As you know, volunteers for the Bail Fund, through our court watch program, regularly observe and take notes on bail hearings in the Center for Criminal Justice.  The Bail Fund would like those volunteers to begin making audio recordings of the proceedings for use in reports and other communications with the public. It is our understanding, however, that court rules may prohibit the public, including volunteers for the Bail Fund, from making audio recordings.

For that reason, I am writing to request that you grant the Bail Fund's volunteers permission to audio-record the bail proceedings before the arraignment court magistrates. The volunteers will use a small, handheld recording device that captures audio only (not video). The recording device is silent (and will not distract anyone) and has no wireless/cellular capabilities -- it would be purely an audio-recording device (and we would be happy to let courthouse security inspect the device in advance).

Can you please let us know if the Bail Fund's volunteers may begin recording?  If not, can you please let us know what the reason or reasons are for not allowing audio recording so that we can attempt to address whatever concerns you may have?

We would greatly appreciate hearing from you by June 21, 2019, so that we can plan accordingly.

Sincerely,
Malik Neal
Vice President, Philadelphia Bail Fund

# EXHIBIT N

**From:** "Dugan, Patrick" <████████@courts.phila.gov>
**Subject: RE: Request For Audio Recording**
**Date:** June 17, 2019 at 10:39:27 AM EDT
**To:** Malik Neal <████ @phillybailfund.org>
**Cc:** "Roberts, Gabriel" <████████@courts.phila.gov>, Maia Jachimowicz ████ @phillybailfund.org>,
"Crimi, Sharon A." <████████ @courts.phila.gov>

Sorry but no. State rules prohibit your request.

Honorable Patrick F. Dugan
President Judge
Philadelphia Municipal Court
Juanita Kidd Stout Center
For Criminal Justice
1301 Filbert Street, Suite 1303
Philadelphia, PA  19107
████████
Fax: ████████
E-Mail: ████████@courts.phila.gov


**From:** Malik Neal [mailto:████ @phillybailfund.org]
**Sent:** Friday, June 14, 2019 4:22 PM
**To:** Dugan, Patrick <████████ @courts.phila.gov>
**Cc:** Roberts, Gabriel <████████ @courts.phila.gov>; Maia Jachimowicz <████ @phillybailfund.org>
**Subject:** Request For Audio Recording

Dear President Judge Dugan,

I am writing on behalf of the Philadelphia Bail Fund.  As you know, volunteers for the Bail
Fund, through our court watch program, regularly observe and take notes on bail hearings
in the Center for Criminal Justice.  The Bail Fund would like those volunteers to begin
making audio recordings of the proceedings for use in reports and other communications
with the public.  It is our understanding, however, that court rules may prohibit the public,
including volunteers for the Bail Fund, from making audio recordings.

For that reason, I am writing to request that you grant the Bail Fund's volunteers
permission to audio-record the bail proceedings before the arraignment court magistrates.
The volunteers will use a small, handheld recording device that captures audio only (not
video). The recording device is silent (and will not distract anyone) and has no
wireless/cellular capabilities -- it would be purely an audio-recording device (and we would
be happy to let courthouse security inspect the device in advance).

Can you please let us know if the Bail Fund's volunteers may begin recording?  If not, can
you please let us know what the reason or reasons are for not allowing audio recording so
that we can attempt to address whatever concerns you may have?

We would greatly appreciate hearing from you by June 21, 2019, so that we can plan
accordingly.

Sincerely,
Malik Neal
Vice President, Philadelphia Bail Fund

# EXHIBIT O

June 18, 2019

Arraignment Court Magistrate Francis Bernard
Juanita Kidd Stout Center for Criminal Justice
1301 Filbert St.
Philadelphia, PA 19107

Dear Magistrate Bernard,

I am the managing editor of *The Declaration*, an independent online news source that covers Philadelphia politics, art, culture, and activism.  I have recently started researching how bail works in the First Judicial District, and plan to continue researching this issue over the coming weeks and months for an article I plan to publish on the *The Declaration*'s website.  As part of that work, and for use in the eventual publication, I would like to make audio recordings of bail proceedings in the First Judicial District (*i.e.*, the proceedings before bail commissioners in the basement of the Criminal Justice Center).  It is my understanding, however, that Pennsylvania Rule of Criminal Procedure 112, Pennsylvania Rule of Judicial Administration 1910, and Philadelphia Municipal Court Rule 7.09 may prevent the public, including journalists, from making such recordings.

For that reason, I am writing to request your permission to audio-record the proceedings before the bail commissioners.  I have also sent this request to the other Arraignment Court Magistrates.  In particular, I'd like permission to use a small, handheld recording device that captures audio only (not video) so that I can document the proceedings as they happen.  The recording device would be inconspicuous (so as not to distract anyone) and would not have any wireless/cellular capabilities—it would be purely an audio-recording device (and I'd be happy to let courthouse security inspect the device in advance).  Would it be possible for me to use such a device to record bail proceedings?  If not, can you please let me know what the reason or reasons are for not allowing audio recording so that I can attempt to address whatever concerns you may have?

I would greatly appreciate hearing from you by Wednesday July 3rd, 2019, so that I can plan accordingly.  You can reach me by email at ███████@phillydeclaration.org or by phone at ███████.

Finally, if this request should be directed at someone else in the First Judicial District, please let me know.

Sincerely,

*Merry Reed*

Merry Reed

# EXHIBIT P

12:09

< 8                                          ∧  ∨

From: **Corrine Weglicki** >

To: Merry >                        Hide        CW

**No Subject**
Today at 10:49 AM

_**THIS MESSAGE IS BEING SENT ON BEHALF OF
PRESIDENT JUDGE PATRICK F. DUGAN**_

Ms. Reed,

Your letter, dated June 18, 2019, to Magistrate O'Brien
was forwarded to President Judge Dugan.  Judge
Dugan has reviewed your letter requesting permission
to bring an audio recorder into Arraignment Court but
unfortunately, due to the Rules referenced in your letter,
he is unable to allow your use of the recording device.

Thank you.

Corrine Weglicki
Chambers of President Judge Patrick F. Dugan
The Justice Juanita Kidd Stout Center
for Criminal Justice
1301 Filbert St., Suite 1303
Philadelphia, PA 19107
█████████ (Fax)