IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERRY REED, et al. | : | |
|     *Plaintiffs,* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 19-3110 |
| ARRAIGNMENT COURT MAGISTRATE | : | |
| JUDGE FRANCIS BERNARD, et al., | : | |
| | : | Hon. Harvey Bartle, III |
|     *Defendants* | : | |

**Defendants Arraignment Court Magistrate
Judges Francis Bernard, Sheila Bedford,
Kevin Devlin, James O'Brien, Jane Rice, and Robert Stack,
<u>and President Judge Patrick Dugan's Answer to the Complaint</u>**

**I.   Introduction**

1. – 5. These paragraphs are legal conclusions, Plaintiffs' case statement, or both, to which no response is required.

**II.   Jurisdiction and Venue**

6. – 7. These paragraphs are legal conclusions to which no response is required.

**III.   Parties**

8. – 9. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations; hence, the allegations are denied. To the extent that they contain legal conclusions, Plaintiffs' case statement, or both, no response is required.

10.   Admitted only that the Arraignment Court Magistrate Judges Francis Bernard, Sheila Bedford, Kevin Devlin, James O'Brien, and Robert Stack ("ACMs")

preside over preliminary arraignments, which includes determining set bail. Jane Rice is no longer an ACM. The remainder of this paragraph contains legal conclusions to which no response is required.

11. Admitted only that the Honorable Patrick Dugan is the President Judge of the Philadelphia Municipal Court. The remainder of this paragraph contains legal conclusions to which no response is required.

12. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations; hence, the allegations are denied. To the extent that they contain legal conclusions, Plaintiffs' case statement, or both, no response is required.

**Facts**

13. – 14. These paragraphs are legal conclusions, Plaintiffs' case statement, or both, to which no response is required.

15. Admitted that the ACMs preside at preliminary arraignments, which are held in the Criminal Justice Center in Philadelphia, and that at the preliminary arraignment that ACMs determine whether a defendant is bailable and, if so, what bail to set under the Pennsylvania Rules of Criminal Procedure. Admitted that a representative from the District Attorney's Office is present for the Commonwealth and that if a defendant does not have private counsel appear, a representative from the Defender's Association or other court-appointed counsel appears for the defendant. Admitted that defendants appear via live video and audio link.

16. Denied as stated. Admitted only that the parties at the preliminary

arraignment have an opportunity to present argument and any relevant information, and that the presiding ACM may make inquiries in order to make a bail decision.

17. Denied as stated. Admitted that the ACMs receive a report containing information about the defendants from the Pretrial Services Division that contains an array of information.

18. Denied as stated. Admitted that the ACMs conduct a bail hearing pursuant to the Pennsylvania Rules of Criminal Procedure and, if a defendant is bailable, use their judicial discretion in setting bail under the Rules of Criminal Procedure.

19. Admitted that a Municipal Court judge is available 24 hours a day, seven days a week by phone to hear an appeal from an ACMs' bail decision.

20. This paragraph is a legal conclusion, Plaintiffs' case statement, or both, to which no response is required.

21. Denied as stated. Admitted that bail hearings are open to the public to attend and that pursuant to the Rules of Criminal Procedure, the Pretrial Services Report is not publically available.

22. Denied as stated. Admitted that there is no court reporter present.

23. Denied as stated. Admitted that there is no audio nor transcripts of what was said during a preliminary arraignment available to the public.

24. – 27. These paragraphs are legal conclusions, to which no response is required. The cited Rules speak for themselves.

28. – 30.   Denied as stated.

31.   Denied as stated. Admitted only that there are signs advising that recording is prohibited.

32.   Denied as stated. To the extent that this paragraph is a legal conclusion, no response is required

33. – 37.   These paragraphs are legal conclusions, Plaintiffs' case statement, or both, to which no response is required.

38.   Denied as stated. Admitted that a Bail Fund representative sent an email requesting permission to audio record preliminary arraignments, and that the request was denied.

39.   Denied as stated. Admitted that Plaintiff Reed sent a letter requesting permission to audio record preliminary arraignments, and that the request was denied.

40 – 52.   These paragraphs are legal conclusions, Plaintiffs' case statement, or both, to which no response is required.

## Cause of Action

53. – 56.   These paragraphs are legal conclusion, Plaintiffs' case statement, or both, to which no response is required.

**WHEREFORE**, Answering Defendants respectfully requests this Court to enter judgment in their favor and against Plaintiff.

## Affirmative Defenses

Answering Defendants asserts the following affirmative defenses. In addition to these defenses, Answering Defendants may allege additional defenses that become known during this case.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Answering Defendants acted in good faith in full accord with the Constitution of the United States and the laws of the United States and the Commonwealth of Pennsylvania at all relevant times.

### Third Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the Eleventh Amendment to the Constitution on the United States and the doctrine of sovereign immunity.

### Fourth Affirmative Defense

The *Ex Parte Young* doctrine is not applicable here because there is no on-going violation of federal law.

**WHEREFORE**, Answering Defendants respectfully requests this Court to enter judgment in their favor and against Plaintiffs.

Respectfully Submitted,

<u>s/Michael Daley</u>
MICHAEL DALEY, ESQUIRE
Attorney I.D. PA77212
MEGAN L. DAVIS, ESQUIRE
Attorney I.D. No. PA 321341
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Counsel for Defendants Arraignment Court Magistrate Judges Francis Bernard, Sheila Bedford, Kevin Devlin, James O'Brien, Jane Rice, and Robert Stack and President Judge Patrick Dugan*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERRY REED, et al. | : | |
|     *Plaintiffs,* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 19-3110 |
| ARRAIGNMENT COURT MAGISTRATE | : | |
| JUDGE FRANCIS BERNARD, et al., | : | |
| | : | |
|     *Defendants* | : | |

## Certificate of Service

The undersigned certifies that on *December 13, 2019*, he caused the foregoing *Answer* to be served via CM/ECF on all counsel of record.

                                           **/s/ Michael Daley**
                                           MICHAEL DALEY, ESQUIRE
                                           Attorney I.D. No. PA 77212
                                           Supreme Court of Pennsylvania
                                           Administrative Office of PA Courts
                                           1515 Market Street, Suite 1414
                                           Philadelphia, PA 19102
                                           legaldepartment@pacourts.us
                                           (215) 560-6300, Fax: (215) 560-5486

                                           ***Counsel for Defendants Arraignment Court Magistrate Judges Francis Bernard, Sheila Bedford, Kevin Devlin, James O'Brien, Jane Rice, and Robert Stack and President Judge Patrick Dugan***