UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**MERRY REED; PHILADELPHIA BAIL FUND,**

    *Plaintiffs*,

**v.**

**ARRAIGNMENT COURT MAGISTRATE JUDGES FRANCIS BERNARD, SHEILA BEDFORD, KEVIN DEVLIN, JAMES O'BRIEN, JANE RICE, and ROBERT STACK, in their official capacities; PRESIDENT JUDGE PATRICK DUGAN, in his official capacity; SHERIFF JEWELL WILLIAMS, in his official capacity,**

    *Defendants*.

Civil Action No. 2:19-3110

## ANSWER TO PLAINTIFFS' COMPLAINT AND CROSS CLAIM

Defendant, Sheriff Jewell Williams, in his official capacity (the "Sheriff") by and through his undersigned counsel, hereby answers Plaintiff Merry Reed ("Reed") and Philadelphia Bail Fund's (the "Bail Fund") Complaint as follows:

### INTRODUCTION

1. Denied as stated. It is admitted only that bail hearings take place, in front of magistrates of the Pennsylvania First Judicial District in a courtroom in downtown Philadelphia. The remaining allegations are denied.

2. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

1

3. Denied as stated. It is admitted only that bail hearings occur off the record and no transcripts are available to the public. The remaining allegations are denied.

4. Denied as stated. It is admitted only that bail hearings are open to the public. The remaining allegations are denied.

5. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

## JURISDICTION AND VENUE

6. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

7. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

## PARTIES

8. Denied as stated. It is admitted only that Plaintiff Merry Reed is a writer, reporter, and managing editor of *The Declaration*. The remaining allegations are denied.

9. Denied as stated. It is admitted only that Plaintiff Philadelphia Bail Fund is a non-profit organization whose mission relates to changing the bail system. The remaining allegations are denied.

10. Denied as stated. It is admitted only that Francis Bernard, Sheila Bedford, Kevin Devlin, James O'Brien, Jane Rice, and Robert Stack ("Magistrate Defendants") are Arraignment

Court Magistrates who reside over bail hearings in Philadelphia. The remaining allegations are denied.

11. Denied as stated. It is admitted only that Patrick Dugan is the President Judge of the Philadelphia Municipal Court. The remaining allegations are denied.

12. Denied as stated. It is admitted only that Jewell Williams is the Sheriff of Philadelphia County and leads the Sheriff's Office. It is further admitted that Sheriff Williams is responsible for security at the Criminal Justice Center and directs deputy sheriffs to enforce court rules. The remaining allegations are denied.

## FACTS

### A. Public Discourse Surrounding Philadelphia's Bail System.

13. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

14. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

### B. The Bail Process in Philadelphia

15. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

16. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

17. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

18. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

19. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

20. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

**C. Public Access to Bail Proceedings**

21. Denied as stated. It is admitted only that bail hearings are generally open to the public. The remaining allegations are denied.

22. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

23. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

### D. Court Rules Governing Recording Bail Hearings

24. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

25. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

26. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

27. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

28. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

29. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

30. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

31. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

32. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

33. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

34. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

35. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

36. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

37. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

### E. Plaintiffs' Requests for Permission to Audio Record Bail Hearings

38. The email correspondence are documents and the contents thereof speak for themselves. Therefore, any allegations related to these documents are denied. Further, to the extent any allegations are deemed factual, they are denied.

39. The letters are documents and the contents thereof speak for themselves. Therefore, any allegations related to these documents are denied. Further, to the extent any allegations are deemed factual, they are denied.

### F. Injuries to Plaintiffs

40. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

41. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

42. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

43. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

44. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

45. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

46. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

47. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

48. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

49. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

50. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

51. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

52. Denied. After reasonable investigation, the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint. Strict proof is demanded.

## CAUSE OF ACTION

**Pennsylvania Rule of Criminal Procedure 112, Pennsylvania Rule of Judicial Administration 1910, and Local Arraignment Court Magistrate Rule 7.09 Violate Plaintiffs' First Amendment Rights**
**(All Plaintiffs against all Defendants)**

53. The Sheriff incorporates the foregoing responses herein.

54. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

55. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

56. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

## PRAYER FOR RELEIF

WHEREFORE, the Sheriff requests Judgment in its favor and against Plaintiffs, and any costs or damages that may be appropriate.

## DEFENDANT SHERIFF JEWEL WILLIAMS' IN HIS OFFICIAL CAPACITY AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim against the Sheriff upon which relief can be granted.

2. Plaintiffs have failed to state a claim against the Sheriff for Declaratory Relief.

3. Plaintiffs have failed to state a claim against the Sheriff for violations of Plaintiffs' constitutional rights.

4. The Sheriff is immune from all or part of the claims set forth in Plaintiff's Complaint.

5. Any actions that the Sheriff took related to the policies and procedures Plaintiffs complain about were at the sole direction of Magistrate Defendants.

# CROSS-CLAIM AGAINST DEFENDANTS
# ARRAIGNMENT COURT MAGISTRATE JUDGES BERNARD, BEDFORD, DEVLIN, O'BRIEN, RICE AND STACK

By way of Cross Claim against Magistrate Defendants, the Sheriff alleges as follows:

6. All responses to the above averments in Plaintiffs' Complaint are incorporated herein.

7. Defendant Sheriff Williams, through his Deputy Sheriffs enforces the audio-recording prohibition put in place by Magistrate Defendants by instructing individuals that recording is not allowed and to put away any recording devices while in the Criminal Justice Center ("CJC").

8. Upon directive from Magistrate Defendants, Deputy Sheriffs will also seize recording devices and/or remove individuals from the courtroom who seek to use such devices during court proceedings.

9. Magistrate Defendants have the authority to direct Deputy Sheriffs to enforce applicable court rules, including those that prohibit the public from audio-recording preliminary arraignments, by instructing them to seize any recording devices and/or remove people from the courtroom who attempt to record the proceedings.

10. The Sheriff does not have any of its own policies and procedures related to audio recording in courtrooms during proceedings.

11. Any action by Deputy Sheriff's to seize recording devices or remove individuals from a courtroom for violation of the policies and procedures related to audio recording is at the direction of, and in enforcement of policies and procedures promulgated by Magistrate Defendants.

12. In the Complaint Plaintiffs pray that this honorable Court award attorneys' fees and costs incurred for litigating against the Sheriff.

13. The Sheriffs' liability, if any, legally compels the Sheriff to pay for the acts or omissions of Magistrate Defendants.

14. The Sheriff's liability, if any, arises solely out of its relationship with Magistrate Defendants, and not due to any conduct of its own.

15. If it is judicially determined that the allegations in Plaintiffs' Complaint are true, said allegations being specifically denied as to the Sheriff, then Magistrate Defendants are alone liable to Plaintiffs, or liable over the Sheriff for indemnity.

WHEREFORE, Defendant, Sheriff Jewell Williams, in his official capacity, respectfully requests that this Court enter judgment in its favor and against Plaintiffs along with any other relief deemed appropriate by this Court. In the alternative, if the Sheriff is found liable to Plaintiffs, the Cross-Claim Magistrate Defendants, are liable over to the Sheriff and the Sheriff demands judgment against such Cross-Claim Defendant together with any costs, interests, and such further relief as the Court deems just and proper.

Date: December 13, 2019                     Respectfully submitted,

/s/ Sean McGrath
Sean J. McGrath, Assistant City Solicitor
Amy M. Kirby, Deputy City Solicitor City
Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5444 (phone)
sean.mcgrath@phila.gov

# CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing Defendant Jewel Williams' Answer, Affirmative Defenses and Cross Claim automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users who have consented to acting electronic service through CM/ECF:

>Robert D. Friedman
>Nicolas U. Riley
>Institute for Constitutional Advocacy & Protection
>Georgetown University Law Center
>600 New Jersey Avenue, NW
>Washington, DC  20001
>
>Michael Berry
>Paul J. Safier
>Ballard Spahr LLP
>1735 Market Street, 51st Floor
>Philadelphia, PA  19103

Date:  December 13, 2019                     Respectfully submitted,

>/s/ Amy M Kirby
>Amy M Kirby
>Deputy City Solicitor
>City of Philadelphia Law Department
>1515 Arch Street, 15th Floor
>Philadelphia, PA 19102
>215-683-3566 (phone)
>amy.kirby@phila.gov