IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PHILADELPHIA BAIL FUND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 19-3110 |
| | : | |
| ARRAIGNMENT COURT MAGISTRATE | : | |
| JUDGES FRANCIS BERNARD, | : | |
| SHEILA BEDFORD, KEVIN DEVLIN, | : | |
| JAMES O'BRIEN, JANE RICE, and | : | |
| ROBERT STACK, in their official capacities; | : | |
| PRESIDENT JUDGE PATRICK DUGAN, | : | |
| in his official capacity; and SHERIFF | : | |
| JEWELL WILLIAMS, in his official capacity, | : | |
| | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of Defendant Jewell Williams's Motion for Summary Judgment, and any response thereto, it is hereby **ORDERED** that Defendant's Motion is **GRANTED**.

BY THE COURT:

_____
The Honorable Harvey Bartle, III

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PHILADELPHIA BAIL FUND,<br>            Plaintiff,<br><br>v.<br><br>ARRAIGNMENT COURT MAGISTRATE<br>JUDGES FRANCIS BERNARD,<br>SHEILA BEDFORD, KEVIN DEVLIN,<br>JAMES O'BRIEN, JANE RICE, and<br>ROBERT STACK, in their official capacities;<br>PRESIDENT JUDGE PATRICK DUGAN,<br>in his official capacity; and SHERIFF<br>JEWELL WILLIAMS, in his official capacity,<br>            Defendants. | **Civil Action<br>No. 19-3110** |

## DEFENDANT JEWELL WILLIAMS'S MOTION FOR SUMMARY JUDGMENT

Defendant, Sheriff Jewell Williams, in his official capacity, by and through his undersigned counsel, hereby files this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. In support of this Motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests that this Court dismiss the claims asserted against him.

Date: December 20, 2019

Respectfully submitted,

/s/ Sean McGrath
Sean J. McGrath, Assistant City Solicitor
Amy M. Kirby, Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5444 (phone)
sean.mcgrath@phila.gov
amy.kirby@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PHILADELPHIA BAIL FUND, : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ARRAIGNMENT COURT MAGISTRATE : <br> JUDGES FRANCIS BERNARD, : <br> SHEILA BEDFORD, KEVIN DEVLIN, : <br> JAMES O'BRIEN, JANE RICE, and : <br> ROBERT STACK, in their official capacities; : <br> PRESIDENT JUDGE PATRICK DUGAN, : <br> in his official capacity; and SHERIFF : <br> JEWELL WILLIAMS, in his official capacity, : <br> Defendants. : | Civil Action <br> No. 19-3110 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT JEWELL WILLIAMS'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Sheriff Jewell Williams, in his official capacity ("Defendant Williams"), by and through his undersigned counsel, hereby files this Memorandum of Law in Support of his Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

**I. INTRODUCTION**

Based on the instruction of the Court, Defendant Williams submits this memorandum to supplement the arguments made in both his Motion to Dismiss, ECF no. 16, and his Reply, ECF no. 20, for the purpose of highlighting the material uncontested facts that warrant his dismissal from this case. As a result, Defendant Williams incorporates all arguments from his previous Motion and Reply as if set forth fully herein.

While Defendant Williams maintains his arguments that Plaintiff cannot make out a First Amendment violation based on the record, the Stipulation of Facts ("Stipulation"), ECF No. 31, submitted by the Parties makes clear that the state court rules at issue are promulgated by, and

1

enforced at the direction of, the arraignment court magistrates.  As a result, Defendant Williams will defer to the Judicial Defendants for supplemental argument warranted on the First Amendment issue at this stage and joins the Judicial Defendants' Motion for Summary Judgment in full as if set forth herein.  For the reasons set forth below, in the event the Court does not grant summary judgment on Plaintiff's First Amendment claim, the Court nevertheless should grant Defendant Williams's Motion and dismiss him from this case.  Further, Defendant Williams has no control over the conduct complaint of by Plaintiff and, therefore, the Court should grant Defendant's cross-claim requesting indemnification from the Judicial Defendants.

## II.     STATEMENT OF UNCONTESTED FACTS

Six magistrate judges, under the direction of President Judge Patrick Dugan (collectively "Judicial Defendants"), preside over preliminary arraignments, during which bail is set, in Philadelphia's Criminal Justice Center ("CJC").  Stipulation ¶ 3, ECF no. 31.  Under state and local court rules, as well as a criminal statute, the public is prohibited from making audio recordings of these arraignments.  Stipulation ¶ 46. Defendant Williams, an official of the City of Philadelphia, leads the Philadelphia Sheriff's Office, which is funded by the City, and provides, among other responsibilities, security at the CJC.  Stipulation ¶ 5.  As part of this security responsibility, deputy sheriffs are directed by the Sheriff to enforce court rules, including the prohibition on audio recording, by instructing individuals to put away recording devices.  Stipulation ¶ 5.  Deputy sheriffs will also, if ordered by a magistrate, seize recording devices and/or remove individuals who do not comply with the prohibition.  Stipulation ¶ 5. While presiding over the arraignments, each magistrate is responsible for enforcing the prohibition on recording and does so through their authority to direct deputy sheriffs and to hold individuals in contempt.  Stipulation ¶ 8.  Plaintiff brings the instant action against both

2

Defendant Williams and Judicial Defendants but seeks attorneys' fees and costs only against Defendant Williams.

**III.   ARGUMENT**

A movant is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).[1] As a matter of law and on principles of equity, the uncontested facts at bar entitle Defendant Williams to dismissal from this action. First, Defendant Williams should be dismissed because he and his office are funded by the City of Philadelphia, not the state. Second, Defendant Williams had no role in promulgating the state court rules at issue and has no discretion in their enforcement. As a result, the inclusion of Defendant Williams as a defendant runs counter to the notions of justice in that he, and the City by extension,[2] face sole economic liability for the potential wrongdoing of a completely different governmental entity.

    **A.   Under *Carter* Sheriff Williams is Not a State Official and Therefore Entitled to Dismissal As a Matter of Law.**

In its Response to Defendant Williams's Motion to Dismiss, Plaintiff made clear that its only theory of liability against Defendant Williams rests on his status as a state surrogate against whom Plaintiff can seek injunctive relief under the *Ex Parte Young* exemption to sovereign immunity. 209 U.S. 123 (1908); *see also* Pl.'s Resp. 23, ECF No. 18.[3] However, it is now

---

[1] The Court instructed the Parties that it does not need this well-settled standard repeated in its entirety.

[2] A suit brought against a public official in their official capacity is equivalent to a suit brought against the public entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, the allegations brought against Defendant Williams operate functionally as if they were brought against the City.

[3] This position is logically inconsistent, however, with Plaintiff's prayer for relief, which relies on the Sheriff being a *separate* entity from the Judicial Defendants such that Plaintiff could recover costs and fees it could not otherwise recover against the Judicial Defendants under 42 U.S.C. § 1988: "[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs, except that in any action brought against a

3

uncontested that Defendant Williams and his office are funded not by the state but by the City of Philadelphia.

This fact is significant because the Third Circuit made clear in *Carter v. City of Phila*, 181 F.3d 339 (3d Cir. 1999), that the most important factor in determining whether a local official is a state surrogate and therefore entitled to sovereign immunity is whether that official is funded by the state treasury. *Id.* at 348 ("We have twice held *en banc* that the three *Fitchik* factors are not weighed evenly and that the 'most important' question in determining Eleventh Amendment immunity is 'whether any judgment would be paid from the state treasury.'"). Applying this principle, the court found that this factor weighed as heavily as possible against a finding that the Philadelphia District Attorney was immune as an arm of the state because no portion of the office's funds was provided by the state and no portion of any judgment would have been paid directly or indirectly by the state. *See id*. at 348 ("As we reasoned in *Bolden*, 'this most important fact weighs more heavily' against immunity as the proportion of state funding decreases.").

Here, just as the District Attorney's Office in *Carter*, Defendant Williams and his Office are funded by the City of Philadelphia, not the state, and therefore no portion of any potential judgment against Defendant Williams would be paid directly or indirectly by the state. As a result, the most important factor considered by the Third Circuit question weighs as heavily as possible against a finding that Defendant Williams is a surrogate of the state. When considered with the other *Carter* factors, as discussed more thoroughly in Defendant Williams's Reply, the fact that the state bears no financial liability for a judgment against Defendant Williams makes

---

judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction." The Court should not permit Plaintiff to treat Defendant Williams variously as a local or state official depending on which status suits them better at the moment.

clear he is not a state official and therefore cannot be held liable for the state's court rules.

### B. Defendant Williams Should be Dismissed Because In This Instance He and His Deputies Operate Solely According to State Rules and Magistrates' Direction.

That the Judicial Defendants bear no financial liability for a judgment against Defendant Williams puts into stark relief the manifest unfairness of naming Defendant Williams as a party to this case. It is further uncontested that any action by deputy sheriffs to seize recording devices or remove individuals from a courtroom for violation of the policies and procedures related to audio recording is done at the direction of, and in enforcement of policies and procedures promulgated by, the Judicial Defendants. This fact is important for two reasons. First, it establishes that Defendant Williams had no role in creating any of the rules that are being challenged by Plaintiff and has no discretion in enforcing them. Despite this reality, Plaintiff has sought fees and costs solely against Defendant Williams. This leaves the Judicial Defendants free to litigate this action free of any financial consequences with the City of Philadelphia bearing the burden of any potential costs.

Second, Defendant Williams's non-discretionary role means that his dismissal would have no substantive impact on Plaintiff's potential injunctive relief under the First Amendment. Should this Court find that the state court rules at issue are unconstitutional and enter an injunction solely against the Judicial Defendants, Defendant Williams and his deputies by extension would enforce whatever court rules are promulgated in compliance with such an order.

### C. CROSS CLAIM AGAINST AOPC

It is clear from the uncontested facts that Defendant Williams has no independent ability or authority to enforce the rules set forth by the Judicial Defendants. Despite Defendant Williams's limited role, Plaintiff has only requested attorneys' fees and costs from Defendant

5

Williams. Defendant Williams should not bear the burden of these costs, as his only role is enforcement at the direction of the Judicial Defendants.

A defendant is entitled to indemnification if, through no fault of its own, it is legally compelled to pay for damages primarily caused by another party. *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 528, n. 9 (E.D. Pa. 2014) quoting *Agere Sys. Inc. v. Advanced Envtl. Tech. Corp.*, 552 F. Supp. 2d 515, 519 (E.D. Pa. 2008). This is the exact situation here. Defendant Williams, at the behest and direction of the Judicial Defendants, is enforcing the Judicial Defendants' policies. Defendant Williams has no independent authority to enforce these policies. Despite this relationship, Plaintiff has demanded fees and costs only from Defendant Williams. Thus, if Plaintiff prevails, Defendant Williams will be legally compelled to pay damages for the actions of the Judicial Defendants. Defendant Williams should not be responsible for these costs, but instead the Judicial Defendants should be required to indemnify Defendant Williams for its enforcement of the policies and procedures set forth by the Judicial Defendants

## IV.   CONCLUSION

For the reasons set forth above, Defendant Williams respectfully requests the Court to grant his Motion for Summary Judgment and dismiss him as a defendant in this action, or in the alternative, order Judicial Defendants to indemnify Defendant Williams for any potential costs or attorneys' fees.

Date:  December 20, 2019                              Respectfully submitted,


                                                     /s/ Sean McGrath
                                                     Sean J. McGrath, Assistant City Solicitor
                                                     Amy M. Kirby, Deputy City Solicitor
                                                     City of Philadelphia Law Department
                                                     1515 Arch Street, 15th Floor
                                                     Philadelphia, PA 19102
                                                     215-683-5444 (phone)
                                                     sean.mcgrath@phila.gov
                                                     amy.kirby@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PHILADELPHIA BAIL FUND, | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 19-3110 |
| | : | |
| ARRAIGNMENT COURT MAGISTRATE | : | |
| JUDGES FRANCIS BERNARD, | : | |
| SHEILA BEDFORD, KEVIN DEVLIN, | : | |
| JAMES O'BRIEN, JANE RICE, and | : | |
| ROBERT STACK, in their official capacities; | : | |
| PRESIDENT JUDGE PATRICK DUGAN, | : | |
| in his Official capacity; and SHERIFF | : | |
| JEWELL WILLIAMS, in his official capacity, | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing Motion for Summary Judgment sent automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users who have consented to acting electronic service through CM/ECF:

    Robert D. Friedman
    Nicolas U. Riley
    Institute for Constitutional Advocacy & Protection
    Georgetown University Law Center
    600 New Jersey Avenue, NW
    Washington, DC 20001

    Michael Berry
    Paul J. Safier
    Shawn Summers
    Ballard Spahr LLP
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103

Date: December 20, 2019					Respectfully submitted,


							/s/ Sean McGrath
							Sean J. McGrath, Assistant City Solicitor
							Pa. Attorney ID No. 322895
							City of Philadelphia Law Department
							1515 Arch Street, 15th Floor
							Philadelphia, PA 19102
							215-683-5444 (phone)
							sean.mcgrath@phila.gov